THE STATE OF IOWA, Appellant, v. WILLIAM MANATT, Appellee.

84   621
f125  466

Liquor Nuisance: FINE: LIEN: PAROL EVIDENCE. Where, in a proceeding under section 1558 of the Code to have a judgment against one for maintaining a liquor nuisance decreed a lien upon premises where said nuisance was maintained, neither the indictment on which the conviction was had, nor the judgment entry contained any specification as to the particular premises where said nuisance had been maintained, *held*, that parol evidence was admissible to show that the nuisance was kept upon the premises sought to be charged with said lien.

*Appeal from Poweshiek District Court.*—HON. DAVID RYAN, Judge.

MONDAY, FEBRUARY 8, 1892.

ONE C. F. Verstratten was indicted and convicted on his plea of guilty of the crime of nuisance, in keeping and maintaining a place where intoxicating liquor was kept for sale and sold in Poweshiek county, contrary to law. The court in pursuance of the conviction imposed a fine of three hundred dollars, besides costs, against the defendant Verstratten, which fine and costs are still unpaid. This action is brought to have the judgment decreed a lien on the premises where the nuisance was maintained, and it is alleged in the petition that the defendant Manatt was, at the time the nuisance was maintained, the owner of the premises described, and had knowledge of the use to which they were put by Verstratten. The answer puts in issue the averment of the petition. The indictment

on which the conviction was had charged the offense as having been committed in the county, with no specification as to a particular place. On the trial in this case the plaintiff, through the clerk of the court, produced and identified the record of conviction in the criminal cause, and then offered in evidence the indictment and judgment entry, which the court, under objections from the defendant, refused. The plaintiff also offered, by parol, to prove that the nuisance was maintained on the premises of the defendant, described in the petition, which offer the court, under objection by the defendant, refused, and, without further evidence, gave judgment for the defendant, and the plaintiff appeals.—*Reversed*.

*John T. Scott*, for appellant.

*R. M. Haines*, for appellee.

GRANGER, J.—The ground upon which the indictment and judgment of conviction were excluded is that they do not show upon their face that the nuisance was kept on the premises which it is sought to affect by a judgment lien. It is conceded that an indictment charging the offense, in general terms, as having been committed in the county, is sufficient for the purpose of a conviction, but it is insisted that fines and judgments following convictions under such indictments cannot be made liens on real estate under the provisions of Code, sec. 1558. The section provides that "for all fines and costs assessed, or judgments rendered of any kind against any person for any violation of the provisions of this chapter, or costs paid by the county on account of such violations, the personal and real property, except the homestead and the personal property of such person which is exempt from execution, as well as the premises and property, personal or real, occupied and used for the purpose, with

the knowledge of the owner thereof or his agent, by the person manufacturing or selling, or keeping with intent to sell, intoxicating liquors, contrary to law, shall be liable; and all such fines, costs and judgments shall be a lien on such real estate until paid."

The objection to the record evidence offered is, as we understand, that it is of no avail unless followed by the parol evidence to show the place where the nuisance actually existed, and this, it is contended, cannot, under the law, be done; and hence we need only give attention to the question of the admissibility of such parol evidence. The object of the proceeding is to establish a civil liability. It is not the rule, in fixing such liability, that evidence is to be excluded because not of a conclusive character; nor is it the rule in judicial proceedings that facts can only be found from evidence that is conclusive, but they may be found from evidence that will justify a belief of such facts. There is nothing that we discover to make this case an exception to the rule.

The defendant's liability depends upon the facts: *First*. That a judgment has been rendered against Verstratten for maintaining a nuisance; and for this purpose the judgment record was competent. *Second*. That the nuisance was maintained on the premises owned by the defendant, with his knowledge—and the query is, why is not parol evidence competent to show such facts—that is, establish in the mind of the court a belief of such facts? The reasons urged against the admissibility of such evidence are that some members of the grand jury, in finding the indictment, might have had in view one place in the county, and some another; or if the defendant pleaded guilty, "who can say what particular nuisance the defendant had in mind, supposing he was in fact maintaining several." Suppositions are valuable or invaluable in reaching conclusions as the facts supposed are remote or proximate to the question to be determined. The record in

this case affords no ground for a supposition that but a single nuisance was maintained by Verstratten. Proceeding then upon the theory of but a single nuisance, what could be the objection to the parol evidence? None, under such a state of facts, is urged in argument. If the conviction and judgment were shown by the record, and parol evidence should show that, before the conviction, the defendant kept and sold liquor on a certain lot in the county, the fact that the nuisance for which the conviction was had was on that lot would certainly be as well established as facts generally are to fix a civil liability. In such a case there would scarcely be a doubt, and a court would not be warranted in excluding evidence that would lead to such a conclu-- sion upon a mere supposition that there might be a state of facts to render such evidence difficult of application or of doubtful value.

But in view of a new trial of this cause, and the chances of other offenses being shown on that trial, it will be well for us to consider the question of the admissibility of such evidence under such a state of facts. Our conclusions thus far establish the competency of parol evidence to fix the place of the nuisance, and it only remains to be seen if the fact of two or more offenses by the same defendant will operate to change the rule and render the evidence incompetent. In this connection the query by the appellee as to who can say what particular nuisance was in the mind of the grand jury, or of the defendant in tendering his plea of guilty, is directly in point. The conviction was upon Verstratten's plea of guilty, which was an admission that, within the county, and within the period of limitation for which a conviction could be had, he had, at some place, maintained the nuisance. Suppose then, that in this case the plaintiff shows by parol evidence that, within the county and the time, Verstratten kept and sold liquor on the lots described in the plaintiff's petition. This, without the other

evidence, would certainly justify a conclusion that the nuisance was at that place, for such an inference could not be overcome by assuming that other offenses had been committed. If, then, the defendant shall seek to destroy this *prima facie* case by showing that Verstratten has maintained other nuisances within the county and the time, which, to our minds, is the only way this plurality of offenses could arise in the case, has he done more than to present evidence that may weaken or destroy that of the plaintiff? We think not. Granting, then, either effect, and nothing appears to render the parol evidence by the plaintiff incompetent. With the evidence complete, the state of the case might be such that the court, as a matter of law, should find or direct a verdict for the defendant, but the evidence, for all that, would be competent. We think the district court erred in excluding both the record and parol evidence.

The appellee cites *State v. Waltz*, 74 Iowa, 610, in support of the action of the district court. That was a case upon indictment for maintaining a nuisance, and the indictment, as in this case, contains no averment as to the particular *locus*, and its sufficiency was questioned upon demurrer. The indictment is held good as charging an offense punishable by fine, but not sufficient to support a judgment or order for abatement. Such a holding is not at variance with our conclusion in this case. The indictment, upon a trial of it, limits the scope of the judgment to be entered. A verdict or a plea of guilty under an indictment is a finding or confession of the facts as charged; and, if the place of the nuisance is not definitely charged in the indictment, the verdict or plea does not definitely fix it, and a judgment of conviction based thereon must be equally indefinite. If the judgment did not fix the particular place of the nuisance, neither could the order to abate it; and hence it could not be executed with the cer-

tainty required.   If the judgment in such a proceeding could legally fix the particular place, the order for abatement could as well follow as where the judgment fixes it under an indictment charging the particular place.   The character of the judgment that may be entered is the controlling consideration.   We now look to the case at bar.   It is not proposed to fix the lien alone because of the judgment of conviction in the criminal case, for the judgment in that proceeding is but one of several acts that must be proved to render the property of the defendant in this case liable for its payment, and the judgment in this case, if obtained, will include just what was necessary in the *Waltz case* to make the judgment one that would authorize an order for abatement.   To make the *Waltz case* authority in this, a special order or execution should be asked on a judgment like that in the criminal suit against Verstratten.   But this is another and independent proceeding against the defendant, and upon issues which, if sustained, will justify a judgment specifying the particular place of the nuisance and fixing a lien thereon.

Because of the errors suggested the judgment is REVERSED.