### STATE v. BUTTS.

1. A criminal information which simply alleges that accused did openly disobey a quarantine order of the county superintendent of health, prohibiting him from going upon the street, by so going upon the street, states no offense, because it does not show that accused was informed, or had any knowledge, that such an order had been made.
2. Such an order is unlike a general law, knowledge of which is imputed to every one.

(Syllabus by the Court. Opinion filed March 2, 1893.)
37—S. D.

Error to Hand county court.   Hon. J. A. HUGHES, Judge.

The defendant Butts was convicted in the county court of Hand county of disobeying an order of the county superintendent of health, and brings error to this court.   Reversed.

*Shunk & Huyhes*, for plaintiff in error.

After verdict the court should have allowed the defendant time to present a motion for a new trial, after due notice of application.   Prude v. People. 5 Neb. 382; Dodge v. *Id.*, 4 Neb. 232; Messner v. People, 45 N. Y. 1.

*Robert Dollard, Attorney General*, for respondent.

It is the subject-matter of our act that is contemplated by the word "subject," in the constitutional provision.   The subject-matter of the act under consideration is the protection of the public health, and had language conveying that thought been used the law in all its parts would come within the scope.   Syker v. People, 2 L. R. A. 461; Magner v. *Id.*, 97 Ill. 191; People v. Loruthal, 93 *Id.* 191; Judson v. Bessamer, 4 L. A. R. 742; State v. Scott, 1 L. R. A. 86; State v. Aulman, 76 Iowa, 624; *Id.* v. Donaldson, 42 N. W. 781; Board v. Blue Mountain, 21 N. E. 933; *Ex parte* Roh. ler, 74 Cal. 38; Ramagan v. Crook, 85 Ala. 226; Fahey v. State, 27 Tex. App. 146; Millvale v. Railroad, 7 L. R. A. 369; Railroad v. Harrelson, 24 Pac. 46; Church v. Manning, 72 Md. 116.

KELLAM, J.   In the county court of Hand county an information was filed against plaintiff in error, charging him with a misdemeanor, as follows:   "The said D. G. Butts, on the 29th day of December, A. D. 1891, at the town of Miller, county of Hand, and state of South Dakota, did violate the orders of the county superintendent of health of said county and state, as follows, to wit: That at said time and place the said D. G. Butts did openly disobey and break a quarantine order of W. H. Lane, superintendent of health, made on or about December 24, 1891, which order and quarantine regulation prohibited said D. G. Butts from leaving his own residence until further orders or permission of said superintendent of health, by openly going from his house upon the public streets in said town of Miller, thereby exposing and endangering the health of the public to a contagious and infectious disease, to wit, diphtheria, against the form of the statute," etc.   Plain-

tiff in error moved to dismiss the proceedings for the reason that the information stated no offense which the court had jurisdiction to try. The motion was denied. He was tried and convicted, and brings such judgment of conviction to this court for review. Many errors are assigned, but, as we regard the information insufficient to sustain a conviction, we examine only that.

Passing the inferential manner in which, only, it is shown that W. H. Lane was at the time superintendent of health, or that he ever issued any order, or that it was pending and unrevoked when plaintiff in error did the act charged as a violation of it, we think the information, for other reasons, does not state facts sufficient to constitute an offense. The openly going from his residence upon the public streets did not make plaintiff in error a criminal offender against the quarantine order, unless he knew of its existence. Such an order is unlike a law, knowledge of which is charged against every one. The order might have been duly and properly made, and after it was so made plaintiff in error might have done the very thing which the order prohibited, and still be innocent of offense, unless he knew of such prohibition. It is not alleged that the order was served upon him, or that it was in any way brought to his knowledge, directly or indirectly. If it were even alleged that the act was done willfully, it would come nearer stating an offense. But all the matters charged in the information might be proved, and yet entirely fail to show the guilt of the plaintiff in error, because his guilt would depend upon his knowledge that the act was prohibited, and therefore wrong. Going from one's residence upon the public streets is ordinarily an innocent act. To make it criminal, it must be done with a knowledge, either actual or imputed, that it has been authoritatively forbidden. There is nothing in this information showing any such knowledge upon the part of plaintiff in error, or any facts from which it might be inferred. The information is criticisable, and perhaps defective, in other respects; but, for the reason suggested, it fails to state an offense, and the motion to dismiss should have been sustained. The judgment of the county court is reversed, and the case remanded, with directions to dismiss the information. All the judges concurring.