JASPER COUNTY, Appellee, v. SUSAN SPARHAM, Appellant.

**Liquor nuisance:** HOMESTEAD. Under the statute the premises on
1   which a liquor nuisance was maintained, though occupied as a
homestead, are subject to a judgment of fine for the nuisance.

**Indictment:** DESCRIPTION OF PREMISES. The indictment for a liquor nuisance need not specifically describe the premises to subject them to a lien for the fine imposed, but the property may be identified by evidence *aliunde*.

**Conveyance of homestead.** A vendor who conveys a homestead loses the homestead right, although the title is subsequently acquired, and in an attempt to reassert the right will not be heard to say that such conveyances were without consideration and void.

**Homestead:** JUDGMENT LIEN. Where a judgment of fine for a liquor nuisance is entered against a homestead, but the property is conveyed prior to an enforcement of the fine, the grantor, on subsequently acquiring title takes it subject to the judgment.

**Judgment liens.** A judgment lien is not affected by a decree quieting the title, where the holder of the lien was not made a party.

**Ejectment:** DEFENSES. The defense of a married woman to an action in ejectment, that her conveyance of the property was invalid because her husband did not join therein, must be specifically pleaded.   —

*Appeal from Jasper District Court.*— HON. W. G. CLEMENTS, Judge.

THURSDAY, OCTOBER 27, 1904.

SUIT to recover the possession of certain real estate for which plaintiff holds a sheriff's deed. Defendant pleaded that the land was her homestead, and that plaintiff's judgment under which the land was sold was not a lien thereon, and she asked that her title thereto be quieted. Plaintiff, in reply, alleged that the judgment under which the land was sold was for a fine imposed against defendant in November of the year 1890 for maintaining a liquor nuisance on the premises in controversy. Plaintiff further alleged that defendant in August, 1890, conveyed the premises to one Dingman, and that Dingman conveyed the same to Traeger in October of the year 1894, and that various other conveyances were made, the last being of date 1896, whereby plaintiff was reinvested with title to the property. These matters were not only denied by operation of law, but defendant also

alleged that the conveyances made by and to her referred to by plaintiff were without consideration. The trial court on these issues rendered a decree for plaintiff, and defendant appeals.— *Affirmed*.

*E. H. Hurd*, for appellant.

*P. H. Cragen, E. J. Salmon*, and *Ryan, Ryan & Ryan*, for appellee.

DEEMER, C. J.— Defendant originally acquired title to the property in April of the year 1889, and she, with her family, moved into the same, and have continued to occupy it ever since. On November 12, 1890, defendant was convicted of the crime of maintaining a liquor nuisance, and sentenced to pay a fine, which is the judgment on which the property was sold. The indictment on which the conviction was based did not specifically describe the building, but referred generally to a building or place in Jasper county in which liquors were sold contrary to law. The evidence shows, however, that the nuisance was the property in controversy. The conveyances pleaded by plaintiff in reply are admitted, but defendant says that they were without consideration, and she relies also upon a decree rendered in a suit to which Jasper county was not a party quieting title in her. It is practically conceded that such a judgment as was entered against defendant is a lien upon a homestead in which the nuisance is maintained, provided the property is described in the indictment; but it is contended that, if the property is not so described, it is no lien. The statutes expressly make the premises upon which a nuisance is maintained subject to whatever fine may be imposed, and under previous holdings it is not necessary that the indictment should specifically describe them. *McClure v. Braniff*, 75 Iowa, 41. And we have also held that the premises may be identified by evidence *aliunde*. *State v. Manatt*, 84 Iowa, 621.

Moreover, the defendant, by the conveyances already referred to, lost her right of homestead, and it does not lie in her mouth to say that these conveyances were void, and without consideration. *Butler v. Nelson,* 72 Iowa, 733. In acquiring the title she took it subject to plaintiff's judgment, even though it would not theretofore have been a lien upon the property. The decree obtained by defendant to which Jasper county was not a party was not binding upon it, and, in any event, it could have no more force and effect than a conveyance of that date. But appellant says that her deed for the homestead was void, because not concurred in by her husband. We doubt if she may plead this as against her own voluntary act for the purpose of gaining an advantage over the plaintiff. But, however this may be, the judgment was a lien upon the property, and, as the sheriff's sale was regular in all respects, the decree giving plaintiff possession is correct. Moreover, the defendant did not plead the invalidity of her deed because of the failure of her husband to join therein, and this issue is not in the case.

The judgment is *affirmed.*