PEOPLE v. WOLFE.

1. STATUTES—CONSTRUCTION.
    Pertinent provisions of a statute must be read together to determine the intent of the legislature.

2. SAME—CONSTRUCTION—AMENDMENT—REFERENCE—INTENT—OVER-WEIGHT MOTOR VEHICLES—JUSTICES OF THE PEACE—JURISDICTION.
    Claim that proviso, added to section of the code of criminal procedure relating to jurisdiction of justices of the peace by an amendatory act which became effective on the same day as an act amending section of the vehicle code referred to in the proviso, did not confer on justices of the peace the power to hear and determine misdemeanors requiring the imposition of

REFERENCES FOR POINTS IN HEADNOTES
[1] 50 Am Jur, Statutes § 348.
[2, 3, 6, 7] 14 Am Jur, Criminal Law § 215; 31 Am Jur, Justices of the Peace § 54.
[4, 5] 50 Am Jur, Statutes § 435 et seq.
[10, 11] Generally as to publication of administrative orders, see 42 Am Jur, Public Administrative Law § 97.
[14] 15 Am Jur, Criminal Law § 551.
[20] 25 Am Jur, Highways § 269.
[20] Power to limit weight of vehicle or load thereon with respect to use of highways. 26 ALR 747; 72 ALR 1004.

penalties in excess of $100 arising under other sections of the vehicle code not specifically referred to nor amended, *held*, without substantial merit, where it is apparent the legislature intended to enlarge the jurisdiction of such justices as to certain offenses and make expeditious disposition of proceedings for imposition of penalties for operating overweight vehicles on the public highways (CL 1948, § 774.1, as amended by PA 1952, No 14; PA 1949, No 300, §§ 716, 722; § 724, as amended by PA 1952, No 13).

3. CONSTITUTIONAL LAW—LEGISLATURE—JUSTICES OF THE PEACE—JURISDICTION.

The legislature is authorized to provide for the criminal jurisdiction of justices of the peace (Const 1908, art 7, § 16).

4. STATUTES—PROVISOES—IRRECONCILABLE INCONSISTENCY.

An irreconcilable inconsistency in the proviso of a statute takes precedence and controls the enactment, as expressing the latest legislative intent to the extent of the inconsistency.

5. SAME—PROVISOES—REPUGNANCY.

Proviso of statute, as included by an amendatory act, was not repugnant to purview of statute amended, where it did not render prior provisions of such statute inoperative and was limited in its scope to a certain class of cases (CL 1948, § 774.1, as amended by PA 1952, No 14).

6. JUSTICES OF THE PEACE—JURISDICTION—STATUTES.

The matter of the jurisdiction of justices of the peace is entirely subject to the control of the legislature and its right to enact specific provisions covering particular situations may not be denied (Const 1908, art 7, § 16).

7. SAME—JURISDICTION—STATUTES—PROVISOES—OVERWEIGHT VEHICLES.

The enactment of a proviso permitting justices of the peace to impose a fine of more than $100 for violation of weight restrictions imposed by the vehicle code was a proper method of modifying the general provisions as to the jurisdiction of such justices (Const 1908, art 7, § 16; CL 1948, § 774.1, as amended by PA 1952, No 14).

8. CRIMINAL LAW—COMPLAINT—AVERMENTS OF FACT—CONCLUSIONS—STATUTES.

The averments of fact in complaint, charging a misdemeanor, are controlling rather than the conclusion of the individual drawing it as to the particular section of the law on which the charge should be predicated.

9. SAME—SUFFICIENCY OF COMPLAINT—AVERMENT AS TO OVERWEIGHT VEHICLE—REFERENCES TO STATUTE.

Fact that complaint filed against defendant referred to section of vehicle code relative to weight restrictions instead of sections making it illegal to move overloaded vehicles on the highways and imposing wheel and axle load limits *held*, immaterial, where it was averred that defendant operated a vehicle that was carrying a load in excess of the weight restrictions imposed by law and section referred to declared such offense a misdemeanor (PA 1949, No 300, §§ 716, 722; § 724, as amended by PA 1952, No 13).

10. HIGHWAYS AND STREETS—ADMINISTRATIVE ORDERS IMPOSING WEIGHT RESTRICTIONS—NOTICE TO PUBLIC.

Reasonable notice of an administrative order of the State highway commissioner or county road commission imposing weight restrictions upon vehicles using highways, except in March, April, and May, must be given to the public in such manner and form as the legislature may prescribe in order to be effective (PA 1949, No 300, § 722[f]).

11. SAME—WEIGHT RESTRICTIONS—NOTICE TO PUBLIC.

An administrative order, made by the State highway commissioner, which imposed weight restrictions upon vehicles using a certain highway during February was inoperative, where the statute authorizing it failed to provide for a method of giving notice thereof to the public and no notice appears to have been given by the posting of signs or pursuant to the administrative code act (CL 1948, § 24.71 *et seq.*, as amended by PA 1949, No 90 and PA 1951, No 9; PA 1949, No 300, § 722[f]).

12. SAME—COMPLAINT FOR OVERWEIGHT VEHICLE—SUFFICIENCY—ADMINISTRATIVE ORDER—STATUTES.

The fact that an administrative order imposing weight restrictions upon a certain highway during the month of February, inoperative for lack of notice thereof to the public, was not referred to in the complaint and warrant in prosecution for driving an overweight vehicle in violation of statute is immaterial but the sufficiency of the allegations in the complaint must be determined without reference to such order (CL 1948, § 24.71 *et seq.*, as amended by PA 1949, No 90 and PA 1951, No 9; PA 1949, No 300, §§ 716, 722; § 724, as amended by PA 1952, No 13).

13. SAME—OVERWEIGHT VEHICLES—EVIDENCE.

The extent of the claimed overweight of a vehicle is a matter of

proof in a prosecution for driving an overweight vehicle on the public highway in violation of statute (PA 1949, §§ 716, 722; § 724, as amended by PA 1952, No 13).

14. CONSTITUTIONAL LAW—EXCESSIVE FINES.

Whether or not a fine which is authorized by the legislature is excessive involves a consideration of the purpose sought to be accomplished by the legislature and of the seriousness of the problem with which it undertook to deal (Const 1908, art 2, § 15).

15. EVIDENCE—JUDICIAL NOTICE—HEAVILY LOADED VEHICLES—DAMAGE TO HIGHWAYS—DANGER TO TRAVELLERS.

The court will take judicial notice that heavily loaded trucks and trailers may, and do, cause serious damage to public highways and endanger all who travel thereon.

16. CONSTITUTIONAL LAW—EXCESSIVE FINES—OVERWEIGHT VEHICLES.

A statute providing for graduated fines based on the amount of overweight of vehicles beyond permissible statutory maximum so as to deter owners and operators of commercial vehicles from using the public highways for transporting overweight loads that destroy the highways and endanger traffic, did not provide excessive fines by way of punishment (PA 1949, No 300, § 724, as amended by PA 1952, No 13).

17. SAME—FINES—INDIVIDUAL HARDSHIP.

A law may not be held invalid on the ground that in individual cases it may be difficult for one against whom the fine is assessed to make payment.

18. SAME—FINES—INDIVIDUAL HARDSHIP—OVERWEIGHT VEHICLES.

Fact that fine imposable for operating an overweight vehicle on the public highway may effect a hardship upon the owner or operator would not render the statute unconstitutional as permitting an excessive fine in view of the purpose of the statute to deter such persons from such use of the highways and also in view of the fact that they may avoid any violation of the statute by the exercise of proper care (PA 1949, No 300, § 724, as amended by PA 1952, No 13).

19. SAME—CRIMINAL LAW—IMPOSITION OF SENTENCE—DISCRETION OF COURT.

It is not essential to the validity of a penal statute that the court imposing sentence be permitted to exercise discretion to some extent, or within prescribed limitations.

20. SAME—MANDATORY IMPOSITION OF PRESCRIBED SENTENCE—OVER-
WEIGHT VEHICLES.

Statute *requiring* imposition of *prescribed* penalty upon finding
as to amount of excessive weight transported by the equip-
ment of one charged with operating overweight vehicles on
the public highways is not unconstitutional because of such
mandate (PA 1949, No 300, § 724, as amended by PA 1952,
No 13).

21. AUTOMOBILES — STATUTES — OVERWEIGHT   VEHICLES — LIENS —
BONDS—FORFEITURES.

Statute which authorizes retention of vehicle carrying an over-
weight load and for imposition of a lien for securing
payment of fine and costs, which lien may be avoided by
furnishing a bond as security for such payment does not con-
template a forfeiture of the vehicle involved, although the leg-
islature has power to provide for the forfeiture of property
devoted to an illegal use (PA 1949, No 300, § 724[b], as
amended by PA 1952, No 13).

22. CONSTITUTIONAL LAW—LEGISLATURE—ILLEGAL USE OF PROPERTY
—FINES.

The State legislature may provide for a lien upon property to
secure the payment of a fine and costs for conviction of the
user of such property for an illegal use made of it.

23. SAME—ENFORCEMENT OF PENALTIES—VIOLATION OF VEHICLE
CODE.

The method to be followed in the enforcement of the penalty
imposed for a violation of the vehicle code is for legislative
determination as an incident of the authority it possessed over
the general subject matter (PA 1949, No 300, as amended).

24. CRIMINAL LAW—REMAND—OVERWEIGHT VEHICLES.

Case involving prosecution for operation of overweight vehicles
on the public highways is remanded to the circuit court which
had quashed the proceeding, where the complaint and warrant
were valid and sufficiently specific to advise the defendant as
to the offense with which he was charged and none of the
provisions of the statute involved was unconstitutional, the
proceedings to be had to be in accordance with the statute
and opinion rendered herein (PA 1949, No 300, as amended).

Appeal from Jackson; Simpson (John), J.  Sub-
mitted October 15, 1953.  (Docket No. 79, Calendar
No. 45,901.)  Decided December 29, 1953.

James Randall Wolfe was charged with operating a vehicle on a highway in violation of weight restrictions. On appeal to circuit court, motion to quash was granted. The people appeal. Reversed and remanded.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Russell A. Searl,* Assistant Attorney General, and *Kenneth B. Johnson,* Prosecuting Attorney, for the people.

*McKone, Badgley, Kendall & Domke,* for defendant.

*Ivan D. Wright, amicus curiae.*

CARR, J. Defendant was prosecuted in a justice court in Jackson county on the charge of operating a motor truck and trailer on US–127 in violation of weight restrictions imposed by provisions of the Michigan vehicle code.* The complaint on which the warrant was issued alleged that on the 27th of February, 1953, defendant operated a truck and trailer on the highway referred to "with 20,500 lbs. overweight on said vehicle in violation of PA 1949, No 300, § 724, as amended (CLS 1952, § 257.724 [Stat Ann 1952 Rev § 9.2424]) contrary to the form of the statute in such cases made and provided." Following his arrest defendant pleaded guilty to the charge against him, and, pursuant to the provisions of section 724 of the motor vehicle code, as last amended by PA 1952, No 13, was fined $2,050, with costs of $5. From such sentence the defendant took a general appeal to the circuit court of Jackson county. Motion to quash the charges against him and to release him from custody was submitted, and

---

* PA 1949, No 300, as amended (CLS 1952, § 257.1 *et seq.* [Stat. Ann 1952 Rev § 9.1801 *et seq.,* as amended] ).

granted. From the order entered, the plaintiff, leave having been obtained, has appealed to this Court, asserting that as a matter of law said order was erroneously made.

Pertinent provisions of the motor vehicle code are found in section 722 (CLS 1952, § 257.722 [Stat Ann 1952 Rev § 9.2422]) and in section 724 thereof (CLS 1952, § 257.724 [Stat Ann 1952 Rev § 9.2424, as amended by PA 1952, No 13]), which read as follows:

"Sec. 722. (a) In no case shall the maximum axle load exceed the number of pounds designated in the following provisions which prescribe the distance between axles:

"1. When the axle spacing is 9 feet or over between axles, the maximum axle load shall not exceed 18,000 pounds for vehicles equipped with high pressure pneumatic or balloon tires.

"2. When the axle spacing is less than 9 feet between 2 axles but more than 3–1/2 feet, the maximum axle load shall not exceed 13,000 pounds for high pressure pneumatic or balloon tires.

"3. When 2 axles are spaced less than 3–1/2 feet apart the combined weight thereof shall not exceed the maximum weights as specified for a single axle when spaced 9 feet or more apart.

"4. The foregoing shall be known as the normal loading maximum.

"(b) When such normal loading is in effect the State highway commissioner, and local authorities with respect to highways under their jurisdiction, shall have the authority to designate certain highways, or sections thereof where bridges and road surfaces are adequate for heavier loading, which designation may be revised as needed, on which the maximum tandem axle assembly loading shall not exceed 16,000 pounds for any axle of such assembly.

"(c) On any legal combination of vehicles, only 1 tandem axle assembly shall be permitted on such designated highways at the gross permissible weight of 16,000 pounds for any such axle and no other

tandem axle assembly in such combination of vehicles shall exceed a gross weight of 13,000 pounds for any such axle.

"(d) The normal size of tires shall be the rated size as published by the manufacturers and in no case shall the maximum wheel load permissible for any wheel exceed 700 pounds per inch of width of tire.

"(e) During the months of March, April and May in each year, the maximum axle load allowable on concrete pavements, or pavements with a concrete base, shall be reduced by 25% from the maximum axle loads as specified heretofore in this chapter and the maximum axle loads allowable on all other types of roads during these months shall be reduced by 35% from the maximum axle loads as herein specified. The maximum wheel load shall not exceed 525 pounds per inch of tire width on concrete and concrete base or 450 pounds per inch of tire width on all other roads during the period the seasonal road restrictions are in effect.

"(f) The State highway commissioner or county road commission, with respect to highways under their jurisdiction, may suspend the restrictions imposed by this section when and where in their discretion conditions of the highways so warrant and may impose the restricted loading requirements of this section on designated highways at any other time that the conditions of the highway may require."

"Sec. 724. (a) Any police officer or any duly authorized agent of the Michigan highway department having reason to believe that the weight of a vehicle and load is unlawful is authorized to require the driver to stop and submit to a weighing of the same by means of either portable or stationary scales and may require that such vehicle be driven to the nearest weighing station of the State highway department for the purpose of allowing said officer or agent of the State highway department to determine whether such conveyance is loaded in conformity with the provisions of this chapter.

"(b) Whenever the said officer or agent upon weighing a vehicle and load, as above provided, determines that the weight is unlawful, such officer or agent may require the driver to stop the vehicle in a suitable place and remain standing until such portion of the load is removed as may be necessary to reduce the gross weight of such vehicle to such limit as permitted under this chapter. All material so unloaded shall be cared for by owner or operator of such vehicle at the risk of such owner or operator: Provided, That any judge or magistrate imposing a fine and costs under this section which are not paid in full immediately or for which a bond is not immediately posted in double the amount of such fine and costs, shall order said driver and/or owner to move said vehicle at his own risk to a place of safekeeping within the jurisdiction of said judge or magistrate, inform said judge or magistrate in writing of such place of safekeeping, and there to keep said vehicle until said fine and costs are paid or sufficient bond furnished or until said judge or magistrate shall be satisfied that said fine and costs will be paid: Provided further, That for the purposes of this section the removal, forwarding, care or preservation of the load shall be under the control of and at the risk of the owner and/or driver: And provided further, That vehicles impounded as provided in this section shall be subject to a lien, subject to any prior valid, bona fide lien, of prior record in the amount of such fine and costs and in the event the same are not paid within 90 days after such seizure, said judge or magistrate shall certify such unpaid judgment to the prosecuting attorney of the county in which the violation occurred, who shall proceed to enforce said lien by foreclosure sale in accordance with procedure authorized in the case of chattel mortgage foreclosures.

"When such duly authorized agent of the State highway department is performing his duties under this chapter he shall have all the powers conferred upon peace officers by the general laws of this State.

"(c) Any driver or owner of any vehicle as defined in this act who violates the provisions of section 722 of this act shall be deemed guilty of a misdemeanor and upon conviction thereof shall be assessed a fine in an amount equal to 2 cents per pound for each pound of excess load over 1,000 pounds when the excess is 2,000 pounds or less; 4 cents per pound for each pound of excess load when the excess is over 2,000 pounds but not over 3,000 pounds; 6 cents per pound for each pound of excess load when the excess is over 3,000 pounds but not over 4,000 ponds; 8 cents per pound for each pound of excess load when the excess is over 4,000 pounds but not over 5,000 pounds; 10 cents per pound for each pound of excess load when the excess is over 5,000 pounds.

"(d) Any driver or owner of any vehicle as defined in this act who shall knowingly fail to stop at or who shall knowingly by-pass any scales or weighing stations shall be deemed guilty of a misdemeanor and upon conviction thereof shall be assessed a fine not to exceed $100.00, or shall be imprisoned in the county jail not to exceed 90 days, or both.

"This act is ordered to take immediate effect."

Attention is also called to section 716 of the code (CLS 1952, § 257.716 [Stat Ann 1952 Rev § 9.2416]) which declares it to be a misdemeanor for any person to drive, on any highway in this State, a vehicle exceeding the limitations as to maximum size and weight as prescribed by the code. For the obvious purpose of granting to justices of the peace the power to impose the fines authorized and required by section 724, above quoted, the legislature enacted PA 1952, No 14, which was given immediate effect and became operative on the same day as did Act No 13, *supra,* amending section 1 of chapter 14 of the code of criminal procedure (CL 1948, § 774.1 [Stat Ann § 28.1192]). Said section in terms grants general jurisdiction to justices of the peace to hear and determine offenses punishable by fine not exceeding·

$100, or by imprisonment in jail not exceeding 3 months, or by both such fine and imprisonment. The amendment above referred to added the following proviso:

"Provided further, That for all offenses arising under the provisions of section 724 of Act No 300 of the Public Acts of 1949, as amended, being section 257.724 of the Compiled Laws of 1948, any justice of the peace shall have power to impose the several fines therein provided."

It is the claim of the defendant that the amendment to the statute defining the jurisdiction of justices of the peace was ineffective to accomplish the result sought. It is suggested that the added proviso did not in specific terms confer on justices the power to "hear and determine" offenses requiring the imposition of penalties in excess of $100, and that the offense involved in the instant case arises under either section 716 or 722 of the code, rather than under section 724 referred to in the amendment. We think the claim is without substantial merit. The provisions of the motor vehicle code in question here must be read together. If this is done there can be no question as to the intention of the legislature. Counsel for defendant does not raise an issue as to such intent. The legislature undertook to enlarge the jurisdiction of justices of the peace as to certain offenses. Presumably it was deemed desirable that a proceeding of the nature here involved should be disposed of as expeditiously as possible. In view of the authority expressly granted by article 7, § 16, of the State Constitution (1908), the right of the legislature to make such provision is not open to question. It is there provided that justices of the peace shall have "such criminal jurisdiction and perform such duties as shall be prescribed by law."

It is further urged that the proviso added by Act No 14, *supra,* is repugnant to the purview of the statute amended. Attention is called to 50 Am Jur, p 460, § 440, indicating that courts have disagreed as to the effect to be given, if any, to a proviso repugnant to the body of the act. The situation in this respect is also recognized in 82 CJS, p 889, where it is said:

"Some authorities have held that a proviso which is repugnant to the body or purview of the statute, and cannot be reconciled therewith, is inoperative and void. Other authorities have held that in case of irreconcilable inconsistency, the proviso is not void, but takes precedence and controls the enactment, as expressing the latest legislative intent, but this has been held a rule of necessity and of last resort, and is never to be applied where the true intent can be gathered from the whole act. It is generally agreed that, where the inconsistency is only partial, the proviso is valid and prevails to the extent of the inconsistency."

In the instant case it may not be said that the proviso is repugnant to the body of the amended statute in the sense that it, if deemed operative, would render prior provisions of such statute inoperative. It is limited in its scope to a certain class of cases. It presents merely a special exception to the restrictions imposed generally on the exercise of jurisdiction by justices of the peace. The matter of such jurisdiction being entirely subject to the control of the legislature, the right to enact specific provisions covering particular situations may not be denied. The method employed to accomplish the desired result in the instant case is not open to objection. The making of exceptions to the general provisions of a statute, and modifications of the general plan thereof, is a commonly recognized function of a proviso. The fact that the complaint filed against defendant

referred to section 724 of the Michigan vehicle code, instead of 716 or 722, is not material. Defendant was charged with operating a vehicle that was carrying a load in excess of the weight restrictions imposed by law. It is the averments of fact in the complaint that are controlling rather than the conclusion of the individual drawing it as to the particular section of the law on which the charge should be predicated. See *People* v. *Murn,* 220 Mich 555, and *People* v. *Hopper,* 274 Mich 418. It may be noted further that section 724 of the code, above quoted, expressly declares such an offense a misdemeanor.

In connection with the question as to the sufficiency of the complaint and warrant, consideration must be given to subsection (f) of section 722, above quoted. It is urged on behalf of defendant that this provision of the statute is invalid in that it does not provide for the giving of notice by the State highway commissioner or the county road commission, as the case may be, that the weight restrictions contemplated by the subsection have been imposed on traffic on designated highways at a period other than during the months of March, April and May in each year. The omission to require the posting of notices along the highway or highways affected by an administrative order of the character in question is, not in harmony with other provisions of the code authorizing the creating by highway authorities of so-called speed control zones, the designation of through highways by the erection of proper stop signs, and other matters with reference to which like authority is granted. In those instances the legislature has specifically provided for giving notice to the public by appropriate signs or notices. It is also significant in this connection that authority granted to county road commissioners and other local highway officials to impose limitations as to weight of

trucks and commercial vehicles and the operation thereof on public highways under the jurisdiction of such local authorities, granted by section 726 of the code (CLS 1952, § 257.726 [Stat Ann 1952 Rev § 9.2426]) requires the giving of notice of the prohibitions and limitations so imposed by appropriate signs placed on the highways affected. Other statutes, of which the laws pertaining to the public health are illustrative, likewise recognize the necessity of notice of regulations imposed by administrative authorities. Of significance in this connection is PA 1943, No 88 (CL 1948, § 24.71 *et seq.*, as amended by PA 1949, No 90 and PA 1951, No 9 [Stat Ann 1952 Rev § 3.560(7) *et seq.*]) relating to rules, regulations and orders, promulgated by State officers, boards and commissions. Such act requires the filing thereof in the office of the secretary of State and publication in the manner prescribed before they may become effective. Included in exceptions to such rules, regulations and orders, are those which relate "to the use of public works, including streets and highways, under the jurisdiction of any State agency, when the effect of such order is indicated to the public by means of signs or signals."

The record in the instant case does not affirmatively disclose that the State highway commissioner had issued any order, ostensibly effective at the time of the commission of defendant's offense, imposing on traffic over US–127 the special weight limitations and restrictions set forth in section 722(e). However, on the oral argument of the case before this Court it was stated by counsel for the plaintiff that such an order had been made, and that the alleged excessive weight had been computed with reference thereto. It was further stated that without reference to such order defendant's equipment was over-weight under the provisions of the statute. Counsel for defendant assail the complaint and warrant

because of failure to refer to the administrative order, contending, however, that section 722(f) is unconstitutional for the reason above stated.

The practical situation presented here is that the legislature in the enactment of section 722(f) did not include therein any specific provision for publication or notice, and it is not claimed in the instant case that notices were posted. Neither is it claimed that the order of the highway commissioner was published under the act of 1943, above cited. Whether such method of publication would be practicable does not require discussion. Assuming that the act of 1943 may apply to orders of the character here in question, when specific notice is not required to be given by the posting of signs on or along the highways affected thereby, it is evident that the requirements of said act were not observed. A regulation or order of the character here involved may not be given effect without reasonable notice to the public, in manner and form as the legislature may prescribe. *State* v. *Butts,* 3 SD 577 (54 NW 603, 19 LRA 725). Under the facts presented here the order of the State highway commissioner in question must be regarded as inoperative, and hence as having no bearing on the case. The fact that it was not referred to in the complaint and warrant becomes, in consequence, immaterial, and the sufficiency of the allegations thereof must be determined without reference to it. The actual situation is that defendant was charged with driving an overweight vehicle in violation of the statute, the extent of such overweight being a matter for proof. We need not consider the situation that would be presented had the complaint and warrant been based on the order of the State highway commissioner by express reference thereto. Neither is it necessary to discuss the procedure to be observed in such a situation,

considered in *State* v. *Hall*, 96 Vt 379 (119 A 884) and in other cases of similar import.

It is further claimed that the statute as amended by the legislature at the 1952 session permits excessive fines in violation of article 2, § 15, of the State Constitution (1908). This question necessarily involves a consideration of the purpose sought to be accomplished by the legislature and of the seriousness of the problem with which it undertook to deal. It is commonly recognized that heavily loaded trucks and trailers may, and do, cause serious damage to public highways. The language of the Illinois supreme court in *People* v. *Linde*, 341 Ill 269 (173 NE 361, 72 ALR 997), covers the situation in apt terms. It was there said:

"This court will take judicial notice that the use of the public roads and bridges by vehicles of excessive weight is calculated to result not only in injury to public property but also in danger to all who travel such thoroughfares. (*Murphy* v. *California*, 225 US 623 [32 S Ct 697, 56 L ed 1229, 41 LRA NS 153]; *Jacobson* v. *Massachusetts*, 197 US 11 [25 S Ct 358, 49 L ed 643, 3 Ann Cas 765]; *Mugler* v. *Kansas*, 123 US 623 [8 S Ct 273, 31 L ed 205]; *Pierce Oil Corp.* v. *City of Hope*, 248 US 498 [39 S Ct 172, 63 L ed 381]; *Polglaise* v. *Commonwealth*, 114 Va 850 [76 SE 897].) We must presume that the legislature recognized this fact and enacted the statutory provision here attacked for the purpose of promoting the safety of State property and the safety of the traveling public. (*Powell* v. *Pennsylvania*, 127 US 678 [8 S Ct 992, 1257, 32 L ed 253]; *Durand* v. *Dyson*, 271 Ill 382 [111 NE 143, Ann Cas 1917D, 84].) The end thus sought is appropriate and legitimate."

It may be assumed that the legislature in the enactment of the provision in question had in mind the practical necessity of providing penalties that would deter owners and operators of commercial

vehicles from using the public highways of the State for the purpose of transporting quantities of merchandise of such weight as to be destructive to such highways, to the danger of traffic thereon and to the detriment of the public generally. In view of the seriousness of the problem it may not be said that the legislature has prescribed excessive fines by way of punishment, especially in view of the obvious fact that an owner or operator of such equipment may by the exercise of proper care avoid any violation of the statute.

Counsel for defendant cite and rely on *Robison* v. *Miner,* 68 Mich 549. It was there held that a provision of the general liquor law preventing one convicted of a violation thereof, under certain circumstances, from continuing business for 1 year following conviction was invalid. It was pointed out that the imposition of such penalty necessarily resulted in breaking up the business in which the offender was engaged, irrespective of its value. Certain other provisions of the statute were likewise held open to objection on constitutional grounds. In the case at bar, however, one convicted of a violation of the pertinent provisions of the Michigan vehicle code is not penalized by taking away his right to continue in the business in which he is engaged. The law may not be held invalid on the ground that in individual cases it may be difficult for one against whom the fine is assessed to make payment. Such a situation may arise in instances involving other penal statutes. The fact that a result of such nature may follow a violation of the law in a particular case, due to the financial situation of the offender or to other conditions, cannot be given the effect of rendering the statute under which the prosecution is brought open to objection on constitutional grounds. In the case at bar the objection raised is not tenable.

The validity of section 724, as amended by PA 1952, No 13, is further challenged on the ground that no discretion in the imposition of the statutory fine is permitted. In other words the statute itself fixes the amount of the fine, based on the determination by the court or jury, as the case may be, as to the amount of excessive weight transported by the equipment of the defendant. It is not essential to the validity of a penal statute that the court imposing sentence be permitted to exercise discretion to some extent, or within prescribed limitations. In the event of conviction of first degree murder the offender is subject to a mandatory life sentence. The validity of such provision of the statute is commonly recognized. In *People* v. *Palm,* 245 Mich 396, 403, 404, certain mandatory provisions of the code of criminal procedure of the State were sustained, the opinion in the case declaring in substance that courts have no discretionary power except as conferred by law. See, also, *State* v. *Stang Tank Line,* 264 Wis 570 (59 NW2d 800), in which it was held that, under a similar statute, the trial court had no discretion as to the amount of the fine. The fact that the legislature in the instant case saw fit to prescribe the penalty and to make the imposition mandatory does not render the statute under which defendant was prosecuted unconstitutional.

The provisions of section 724(b), above quoted, with reference to the holding of the equipment used in the violation of the law for which a defendant has been convicted, unless a bond is posted for the payment of the fine and costs imposed, and for a lien thereon to insure the payment of such fine and costs, are also assailed. It will be noted from the language of the statute that such lien is subordinate to prior valid bona fide liens of record. The statute does not direct the forfeiture of the vehicle used in

the unlawful transportation, but, rather, seeks to provide a method to insure the collection of the statutory fine and costs, the payment of which would prevent the establishing of the lien. Likewise, the creating of a lien may be avoided by furnishing a bond as security for such payment. The power of the legislature to provide in certain instances for the forfeiture of property devoted to an illegal use is not open to question. *Osborn* v. *Charlevoix Circuit Judge,* 114 Mich 655. As noted, however, the statute under consideration here does not contemplate forfeiture.

The right of a State legislature in the enactment of a penal statute to provide for a lien of the nature here involved to secure the payment of a fine and costs is generally recognized. 36 CJS, pp 797, 798, § 15. In *Jasper County* v. *Sparham,* 125 Iowa 464 (101 NW 134), the statute provided for a lien on property, following the conviction of the owner thereof on a charge of maintaining a liquor nuisance on the premises, to secure the payment of the fine imposed. The validity of the lien was not questioned, and was recognized by the court notwithstanding the fact that the indictment in the prosecution for maintaining the nuisance did not specifically describe the property. So far as the instant case is concerned, it must be said that the legislature in providing for the lien violated no provisions of the State or Federal Constitutions. The method to be followed in the enforcement of the penalty imposed for a violation of the statute was for legislative determination as an incident of the authority possessed by the lawmaking body over the general subject matter.

For the reasons stated, it is our conclusion that the complaint and warrant in this case were valid and sufficiently specific to advise the defendant as to the offense with which he was charged, and that none of the provisions of the statute here involved

is open to objection on constitutional grounds. As stated at the outset, defendant took a general appeal to the circuit court. The order quashing the proceeding and discharging the defendant was erroneous, and must be reversed. The case is remanded to the circuit court with directions to set aside said order, and for further proceedings in the case in accordance with the statute and with this opinion.

DETHMERS, C. J., and ADAMS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.