PEOPLE v KENT

Docket No. 139029. Submitted April 21, 1992, at Grand Rapids. Decided May 5, 1992, at 9:15 A.M. Leave to appeal denied, 441 Mich —.

Jessie A. Kent pleaded guilty in the Calhoun Circuit Court, James C. Kingsley, J., of two counts of delivery of less than fifty grams of cocaine and was sentenced to consecutive terms of imprisonment of two to twenty years and three to twenty years. He appealed.

The Court of Appeals *held:*

1. The sentences are not disproportionate to the offenses, considering their seriousness and the personal history of the defendant.

2. The trial court did not err in ordering that the second and longer sentence be served consecutively to the first sentence. MCL 333.7401(3); MSA 14.15(7401)(3) provides that a sentence for a conviction under MCL 333.7401(2)(a); MSA 14.15(7401)(2)(a) or MCL 333.7403(a)(i)-(iv); MSA 14.15(7403)(2)(a)(i)-(iv) for unlawfully manufacturing, delivering, or possessing a controlled substance must be imposed to run consecutively with any term of imprisonment imposed for another felony. For purposes of § 7401(3), "another felony" means an additional violation of the same controlled substances provision, a different felony violation of the controlled substances act, or any other felony.

3. The trial court correctly ruled that the defendant had not been entrapped. The police did not engage in impermissible conduct that would have induced a law-abiding person to commit a crime under similar circumstances, nor engage in conduct so reprehensible that it cannot be tolerated.

Affirmed.

Sentences — Consecutive Sentencing — Controlled Substances.

A sentence for a conviction under § 7401(2)(a) or § 7403(2)(a)(i)-(iv) of the controlled substances act for unlawfully manufacturing,

REFERENCES

Am Jur 2d, Criminal Law § 552.

See the Index to Annotations under Concurrent and Consecutive Sentences.

delivering, or possessing a controlled substance must be imposed to run consecutively with any term of imprisonment imposed on a defendant for an additional violation of the same provision, a felony violation of another provision of the act, or any other felony (MCL 333.7401[3]; MSA 14.15[7401][3]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Jon R. Sahli,* Prosecuting Attorney, and *David J. Wallace,* Assistant Prosecuting Attorney, for the people.

*Patrick K. Ehlmann,* for the defendant on appeal.

Before: HOOD, P.J., and SHEPHERD and K. N. SANBORN,* JJ.

PER CURIAM. Defendant pleaded guilty of two counts of delivery of less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), which were charged in two separate informations. In exchange, a third information charging the same offense was dismissed. For one conviction, defendant was sentenced to two to twenty years' imprisonment. For the other conviction, defendant was sentenced to three to twenty years' imprisonment, to be served consecutively to the other sentence. Defendant appeals these convictions and sentences as of right. We affirm.

On appeal, defendant contends that his sentences are disproportionate to the circumstances of the crimes and his personal history. He asserts that his actions were those of a "purchaser" rather than a "dealer" and that the offenses should have been at the extreme low end of the scale of seriousness, particularly in view of the relatively small amounts of cocaine.

* Former circuit judge, sitting on the Court of Appeals by assignment.

We note, as did defendant, that his sentences were within the guidelines recommendation of one to five years. These sentences are therefore presumptively valid. *People v Broden,* 428 Mich 343, 354-355; 408 NW2d 789 (1987). Nevertheless, defendant contends that the sentences are disproportionate, particularly in light of the consecutive nature of his three- to twenty-year sentence. We disagree.

In *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990), our Supreme Court reaffirmed that proportionate sentences must take into account not only the seriousness of the offense but the individual characteristics of the defendant. In this case, while defendant may have provided only small amounts of cocaine to the undercover police officer, he did so on three occasions. The record indicates, however, that defendant's efforts were on occasion aimed at acquiring larger amounts. Turning to defendant's personal history, we note that he has four prior felony convictions, including one drug offense and two weapons offenses. Although there may have been mitigating circumstances, there is nothing in the record to suggest that the sentences violate the principle of proportionality. Furthermore, the cumulative nature of defendant's sentences is irrelevant to the determination whether his sentences are excessive. *People v Marshall Warner,* 190 Mich App 734, 736; 476 NW2d 660 (1991). Under the circumstances, we are convinced that the trial court did not abuse its discretion in sentencing defendant within the guidelines.

Next, defendant contends that the trial court erred in ordering his three- to twenty-year sentence to be served consecutively to his two- to twenty-year sentence.

MCL 333.7401(3); MSA 14.15(7401)(3) provides in relevant part:

> A term of imprisonment imposed pursuant to subsection (2)(a) or section 7403(2)(a)(i), (ii), (iii), or (iv) shall be imposed to run consecutively with any term of imprisonment imposed for the commission of *another felony.* [Emphasis added.]

On appeal, defendant argues that the phrase "another felony" should be interpreted to mean a different and distinct felony, not an additional felony under the same provision of the controlled substances act. Upon careful consideration we cannot agree with defendant's interpretation of this provision. The plain meaning of the term "another" includes both "additional" and "different or distinct." See, e.g., Black's Law Dictionary, Special Deluxe Fifth Edition (1979). Therefore, "another felony" would include the commission of an additional felony violation of the same controlled substances provision, the commission of a different felony violation of the controlled substances act, or the violation of any other felony provision. Furthermore, this interpretation does not render MCL 768.7b; MSA 28.1030(2) meaningless. The two statutes address separate and distinct situations. Although imposition of consecutive sentences is mandated under MCL 768.7b; MSA 28.1030(2) when a defendant commits a felony while other felony proceedings are pending, MCL 333.7401(3); MSA 14.15(7401)(3) governs when a defendant commits certain controlled substance offenses and another felony, irrespective of pending felony charges. *People v Mamon,* 190 Mich App 124, 126; 475 NW2d 378 (1991).

In his appellate briefs, defendant states that the trial court erred in denying his motion to dismiss the charges because of the delay in his arrest. Contrary to his assertions, the trial court's ruling with regard to this issue is in the record. Never-

theless, defendant fails to argue the merits of this allegation of error in any of the three briefs filed by him in this appeal. Consequently, we deem the issue abandoned. *City of Midland v Helger Construction Co, Inc,* 157 Mich App 736, 745; 403 NW2d 218 (1987).

As his last issue, defendant contends that the trial court erred in failing to find entrapment following an evidentiary hearing. In a lengthy opinion in which the then newly released *People v Jamieson,* 436 Mich 61; 461 NW2d 884 (1990), and its predecessors were analyzed, the trial court denied defendant's motion to dismiss, finding that defendant had not been entrapped:

> *The Court:* . . . [W]hen you juxtapose those facts against what I have in this record—and the only indication by Officer Joyner is that on September 9 of 1989, she asked Mr. Kent if he knew where she could find some coke. He said to look in his pants pocket, but then said if she had the money, he could get it. She did have the money. She drove them there, and he entered Hugo's bar and returned with one-and-a-quarter grams and gave her back the difference in cash of the $300 that she gave to him.
>
> She further testified that there was no date. There was no purchasing of drinks, no special kind of pressure or request or anything at all placed upon the Defendant by her. She testified that she saw the Defendant 15 or 20 times and only spent any time with him on three occasions and each of those three occasions were when the Defendant purchased drugs for her. Other than that, it was simply a waitress/bar/patron relationship.
>
> \* \* \*
>
> *The Court:* . . . I don't think the mere question by a waitress saying do you know where I can get some coke would ordinarily incite, if you will, or cause a reasonably law-abiding person to go ahead and violate the law, but I did consider [that risk

discussed in footnote 19 of *Jamieson*], Mr. Jereck, when I read those statements.

A trial court's finding following an entrapment hearing will be upheld unless clearly erroneous. *Jamieson, supra,* p 93. Recently, in *People v Fabiano,* 192 Mich App 523; 482 NW2d 467 (1992), this Court discussed the effect of the Supreme Court's decision in *People v Juillet,* 439 Mich 34; 475 NW2d 786 (1991), on the objective test for entrapment established in *Jamieson.* In a 2-1 decision, this Court concluded that the "nature" of the objective test had been changed. *Fabiano, supra,* p 526. The Court concluded that "four justices would find entrapment if (1) the police engaged in impermissible conduct that would have induced a person similarly situated to the defendant, though otherwise law-abiding, to commit the crime, *or* (2) the police engaged in conduct so reprehensible that it cannot be tolerated by the Court." *Id.*

Although the *Fabiano* Court remanded that case to the trial court, we are convinced that such a result is not warranted on the facts of this case. In contrast to *Fabiano,* the facts presented here did not present even a "close case" of entrapment, let alone a "very close case." Furthermore, although the trial court applied the "average law-abiding person" standard, the trial court's opinion reflects its awareness of Justice BRICKLEY's position regarding the reaction of a person in defendant's "shoes" to the police conduct in question. Lastly, the trial court did not find that the police conduct was reprehensible. On the basis of our review of the record, such a finding would clearly have been in error. Therefore, we conclude that it is unnecessary to remand this case for consideration of whether entrapment exists under the "second prong" of the test as defined in *Fabiano.* We are

convinced that, under either test, the evidence presented failed to establish entrapment. Hence, the trial court properly denied defendant's motion to dismiss.

Defendant's convictions and sentences are affirmed.