PEOPLE v JEFF DAVIS

Docket No. 150160. Submitted September 10, 1992, at Detroit. De-
    cided November 2, 1992, at 9:40 A.M. Leave to appeal denied,
    442 Mich —.

   Jeff Davis, Jr., pleaded nolo contendere in the Detroit Recorder's
    Court, Dominick R. Carnovale, J., to a charge of assault with
    intent to commit murder and to a charge of possession of a
    firearm during the commission of a felony. The court sentenced
    the defendant to one to ten years' imprisonment for the assault
    conviction and to a mandatory consecutive two-year term for
    the felony-firearm conviction. In imposing the sentence for the
    assault conviction, the court departed from the sentencing
    guidelines' recommended minimum term of seven to fifteen
    years, articulated reasons for the departure, and took note of
    the effect of the mandatory consecutive two-year term for
    felony-firearm on the cumulative length of incarceration. The
    prosecution appealed, claiming that the sentence for the assault
    conviction violates the principle of proportionality.

   The Court of Appeals held:

   1. The principle of proportionality requires that a sentence be
    proportionate to the circumstances surrounding the offense and
    the offender. The record in this case clearly reflects that the
    trial court carefully considered those factors.

   2. The trial court did not err in considering the mandatory
    consecutive two-year sentence for felony-firearm when it con-
    cluded that a lengthy incarceration would not serve the pur-
    poses of punishment, rehabilitation, or deterrence. It would
    defeat the principle of proportionality to require a sentencing
    court to disregard the mandatory sentence for felony-firearm
    when fashioning an appropriate sentence for the underlying
    felony.

   Affirmed.

   TAYLOR, J., dissenting, stated that the cumulative effect of

REFERENCES

Am Jur 2d, Criminal Law §§ 551, 552, 554, 559.
See the ALR Index under Concurrent and Consecutive Sentences;
    Criminal Law; Criminal Procedure Rules; Sentence and Punish-
    ment.

consecutive sentences should not be considered in determining whether each sentence satisfies the principle of proportionality, and that consideration of the mandatory sentence for felony-firearm in reducing the sentence for the underlying felony circumvents the legislative intent behind the felony-firearm statute.

SENTENCES — FELONY-FIREARM.

In sentencing a person convicted of a felony and of possession of a firearm during the commission of that felony, a court may consider the mandatory two-year consecutive sentence for felony-firearm in determining an appropriate sentence for ,the underlying felony (MCL 750.227b; MSA 28.424[2]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Don W. Atkins,* Principal Attorney, Appeals.

*Gerald M. Lorence,* for the defendant on appeal.

Before: HOOD, P.J., and CONNOR and TAYLOR, JJ.

CONNOR, J. Defendant pleaded nolo contendere to one count of assault with intent to murder, MCL 750.83; MSA 28.278, and one count of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). The trial court imposed a sentence of one to ten years for the assault conviction and noted that the mandatory two years imposed for the felony-firearm conviction would run consecutively pursuant to statute.

The sentencing guidelines for the assault conviction recommended a minimum sentence range of seven to fifteen years' imprisonment. On appeal, the prosecutor stresses the seriousness of the offense and argues that, because the sentence imposed by the trial court was substantially lower than that recommended by the guidelines, the

sentence violates the "principle of proportionality" announced in *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). We affirm.

The principle of proportionality requires sentences to be proportionate to the circumstances surrounding the offense and the offender. *Milbourn, supra,* p 636. Even though sentencing within the guidelines is recommended rather than compulsory, a departure from the recommended range, in the absence of factors not adequately reflected in the guidelines, may indicate that the trial court has violated the principle of proportionality and thus abused its sentencing discretion. *Id.* at 660. However, "the key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *Id.* at 661. A sentence is proportionate to the seriousness of the matter when the sentencing judge "impose[s] a sentence that fits as precisely as possible the particular offender and the particular offense, taking into account all permissible factors." *People v Rushlow,* 437 Mich 149, 156; 468 NW2d 487 (1991). Once the decision is made to depart from the guidelines, the sentencing court is merely required to articulate on the record its reasons for doing so. *People v Potts,* 436 Mich 295, 302; 461 NW2d 647 (1990).

The trial court acknowledged the seriousness of the offense and the lasting effect it would have on the victim, who suffered serious, permanent injuries. Defense counsel characterized the incident as accidental. However, the court noted that the victim was shot after arguing with defendant. Nonetheless, the trial court found numerous mitigating circumstances which recommended leniency and determined the guidelines to be inadequate in this particular case.

Among the sentencing court's reasons for the

departure were defendant's advanced age (sixty-six years); his previously crime-free life, the absence of any substance abuse problem, his lengthy marriage (recently widowed after thirty-eight years), and excellent work history (pensioned after thirty-three years with Chrysler Corporation). The court also took into consideration defendant's version of the offense, although it acknowledged that defendant's version might tend to be somewhat exculpatory.[1] The court stated its opinion that a lengthy period of incarceration was not necessary as a deterrent to others or as punishment, and would not serve the purpose of rehabilitation. The court also reiterated its belief that the guidelines were too high "in view of the mandatory two years that I have to give you on the felony-firearm."

We find the reasons provided by the trial court to justify the departure from the sentencing guidelines to be legally adequate. In crafting an appropriate sentence the court must consider the defendant's background. In this case, the defendant's

---

[1] Defendant gave the following description of the offense in the presentence investigation report submitted to the court:

Emma Janice Warren's girlfriend and one of her male friends came over. They were smoking crack cocaine and ran out of crack and didn't have any more money. Janice [sic] girlfriend's boyfriend asked me to take him over to his mother's to get some money to buy some. And her boyfriend's [sic] gave me money to buy gas and he decided not to go back. When I got back home and they found out he wasn't with me and Janice and her girlfriend got mad and her girlfriend was ready to go home. I took her girlfriend home and when I got back. [sic] Janice was angry at me because I didn't have any money. In the meantime she had already cut me. I had 12 stitches on my right hand and 5 stitches on my left arm and I had marks on my chest which was done with a butcher knife. She got mad and started to throw things and break up things. I went and got the gun that was left to me by my father and tried to scare her into stopping. Then I walked out on the porch. She then locked me out of my own house. She was so high on crack when I pulled the gun. Instead of her ducking behind the door she went in front of the door and that's how she was shot. It was a pure accident.

age, work history, marriage, and lack of criminal
history were relevant mitigating factors that sup-
ported a downward departure. *People v Fleming,*
428 Mich 408, 423-424, n 17; 410 NW2d 266 (1987).

We also find that the trial court did not err in
taking into consideration the effect of the manda-
tory consecutive two-year sentence defendant
would necessarily serve as a result of the felony-
firearm conviction. A felony-firearm conviction
may not be had unless the defendant committed or
attempted to commit a felony, although it is not
necessary that the defendant be convicted of the
underlying felony. *People v Burgess,* 419 Mich 305,
310; 353 NW2d 444 (1984). When a defendant has
been convicted of both felony-firearm and the un-
derlying felony, we believe it would defeat the
principle of proportionality to require the sentenc-
ing court to disregard the mandatory prison term
for the felony-firearm conviction when fashioning
an appropriate sentence for the underlying felony.[2]
The record clearly reflects that the trial court
carefully considered the circumstances surround-
ing both the offense and the offender and deter-

[2] In *People v Warner,* 190 Mich App 734; 476 NW2d 660 (1991), the
defendant was charged with one felony and committed another while
awaiting final disposition of the first. The defendant pled guilty to
both offenses and received consecutive sentences. On appeal, this
Court held that the cumulative nature of the defendant's sentences
was irrelevant to the determination whether his sentences were
excessive under the *Milbourn* standard. The Court found that both
sentences standing alone were within the guidelines' range and, thus,
neither offended the principle of proportionality. See also *People v
Kent,* 194 Mich App 206, 208; 486 NW2d 110 (1992).

We believe these cases are clearly distinguishable. First, the Court
was addressing a different statute, one designed to "deter persons
charged with one felony from committing another while awaiting
final disposition of the first." MCL 768.7b; MSA 28.1030(2). *Warner,
supra,* p 736. Second, the critical question was whether two propor-
tional sentences imposed on the defendant could be found to violate
the principle of proportionality when the sentencing court ordered
that the sentences be served consecutively and the aggregate punish-
ment for both the offenses exceeded the maximum allowable for
either of the individual convictions. Neither issue is before this Court.

mined that a lengthy sentence was not necessary for deterrence, punishment, or rehabilitation. See *People v Snow,* 386 Mich 586, 592; 194 NW2d 314 (1972). We cannot say that the trial court erred in refusing to ignore that the defendant's incarceration for a period of two years "preceding any term of imprisonment imposed for the conviction of the felony"[3] would have some significant effect upon an elderly offender and might negate the necessity for additional lengthy incarceration.

Affirmed.

Hood, P.J., concurred.

Taylor, J. *(dissenting).* I would hold that the sentencing judge erred in taking into consideration the effect of the mandatory consecutive two-year sentence defendant is required to serve as a result of his conviction of possession of a firearm during the commission of a felony in imposing a sentence.

This Court has recently held that the cumulative nature of a defendant's sentences is irrelevant in determining whether his sentences are excessive. *People v Warner,* 190 Mich App 734, 736; 476 NW2d 660 (1991); *People v Kent,* 194 Mich App 206, 208; 486 NW2d 110 (1992). I am not convinced by the majority's reasons for distinguishing these cases from the case at bar, and would find that we are bound by *Warner* and *Kent.*

I also disagree with the majority's contention that the principle of proportionality is defeated when a sentencing judge fashions an appropriate sentence for an underlying felony without considering the consecutive two-year felony-firearm sentence. Our Supreme Court has held that a judge may not consider disciplinary credits as a reason

---

[3] MCL 750.227b(2); MSA 28.424(2)(2).

for enhancing a sentence because to do so would frustrate the Legislature's purpose in passing the sentence reduction act. *People v Fleming,* 428 Mich 408, 428; 410 NW2d 266 (1987). I would apply the same reasoning and hold that considering the consecutive two-year felony-firearm sentence as a reason for reducing the sentence for the underlying felony circumvents the Legislature's intent in passing the felony-firearm statute. I would remand for resentencing.