PEOPLE v ANTOLOVICH

Docket No. 153335. Submitted February 2, 1994, at Grand Rapids. Decided December 5, 1994, at 9:30 A.M.

Donald J. Antolovich pleaded guilty in the Barry Circuit Court, Richard M. Shuster, J., of delivery of less than fifty grams of cocaine, was sentenced to a prison term of four to twenty years, and was ordered to pay costs of $1,500 and a fine of $25,000. The defendant moved for resentencing. The court, despite agreeing that as a result of a scoring error the minimum sentencing range under the sentencing guidelines was 1 to 2½ years rather the range of one to four years used at the time of sentencing, did not change the sentence, but rather indicated that it was departing from the guidelines. The defendant appealed.

The Court of Appeals *held:*

1. The trial court was without statutory authority to impose costs. Accordingly, the assessment of costs is vacated.

2. Because the United States Supreme Court has not decided whether the Eighth Amendment's prohibition against excessive fines, US Const, Am VIII, applies to the states, the Court of Appeals declined to determine whether the fine imposed in this case violates that prohibition.

3. Although the Legislature's authorization of a fine of $25,-000 for delivery of less than fifty grams of cocaine does not lead by itself to a violation of the excessive fine prohibition of Const 1963, art 1, § 16, the imposition in this case of the maximum fine authorized by the Legislature resulted in a fine that does violate the state constitutional prohibition against excessive fines.

4. The principle of proportionality applies to the imposition of fines. The trial court clearly violated that principle and abused its discretion when it imposed the maximum fine autho-

REFERENCES

Am Jur 2d, Criminal Law §§ 592, 615.

Supreme Court's construction and application of excessive fines clause of Federal Constitution's Eighth Amendment. 106 L Ed 2d 729.

rized by the Legislature to this offense, which involved delivery of a minimal amount of cocaine.

5. The reasons given by the trial court did not justify its upward departure from the sentencing guidelines range. The prison term imposed by the trial court was disproportionate both to the offense and to the offender, and, thus, the imposition of that sentence was an abuse of the trial court's discretion.

Vacated in part and remanded for resentencing.

SAWYER, J., dissenting in part, stated that while the trial court erred in imposing costs, the fine was not excessive and neither the prison term nor the fine is disproportionate.

1. CRIMINAL LAW — SENTENCES — CONSTITUTIONAL LAW — EXCESSIVE FINES.

Analysis of a claim that a particular fine imposed in a criminal case is excessive and in violation of the state constitutional prohibition against excessive fines involves consideration of the purpose sought to be accomplished by the Legislature and the seriousness of the problem with which it undertook to deal (Const 1963, art 1, § 16).

2. CRIMINAL LAW — SENTENCES — FINES — PROPORTIONALITY.

The principle of proportionality applies to consideration of fines imposed in criminal cases.

State Appellate Defender (by *Sheila N. Robertson*), for the defendant.

Before: HOLBROOK, JR., P.J., and SAWYER and J. T. HAMMOND,* JJ.

HOLBROOK, JR., P.J. Defendant pleaded guilty of delivery of less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), in exchange for the dismissal of an additional count of conspiracy to deliver less than fifty grams of cocaine and the prosecutor's agreement to recommend that defendant be sentenced within the guidelines range. The trial court sentenced defendant to four to twenty years in prison, ordered him to pay $1,500 in costs, and imposed a $25,000

* Circuit judge, sitting on the Court of Appeals by assignment.

fine. We vacate in part and remand for resentencing.

We agree with defendant's first contention, that the trial court erred in imposing costs in the absence of statutory authority. *People v Jones,* 182 Mich App 125, 126; 451 NW2d 525 (1989). Section 7401(2)(a)(iv) does not authorize the imposition of costs. Accordingly, we vacate the trial court's assessment of costs. *Jones, supra* at 128.

Defendant next argues that the trial court's imposition of a $25,000 fine violates the constitutional prohibition against excessive fines. US Const, Am VIII; Const 1963, art 1, § 16. The United States Supreme Court has not decided whether the excessive fines clause is applicable to the states through the Fourteenth Amendment. See, e.g., *Browning-Ferris Industries of Vermont, Inc v Kelco Disposal, Inc,* 492 US 257, 276, n 22; 109 S Ct 2909; 106 L Ed 2d 219 (1989). We decline to determine whether the $25,000 fine imposed violates the Eighth Amendment of the United States Constitution.

In reviewing the issue presented, we note that defendant does not challenge the constitutionality of § 7401(2)(a)(iv) itself. We have no doubt that the $25,000 fine authorized by § 7401(2)(a)(iv), in an appropriate case, will pass constitutional muster. Our analysis of the issue would be different if the statute imposed a mandatory $25,000 fine. See, e.g., *State v Wise,* 164 Ariz App 574; 795 P2d 217 (1990), where a mandatory fine of $205,600 was not deemed unconstitutionally excessive for the defendant, who was merely acting as a delivery person delivering eight kilograms of cocaine.

Under § 7401(2)(a)(iv), any person who unlawfully manufactures, delivers, or possesses with the intent to manufacture or deliver less than fifty grams of a mixture containing a controlled sub-

stance such as cocaine shall be imprisoned for not less than one year but for not more than twenty years and may be fined not more than $25,000, or placed on probation for life. We are aware of only one Supreme Court case involving the constitutionality of fines under the excessive fines clause. In *People v Wolfe,* 338 Mich 525, 540; 61 NW2d 767 (1953), the Supreme Court analyzed whether certain provisions of the Vehicle Code violated the excessive fines clause contained in former Const 1908, art 2, § 15:

> This question necessarily involves a consideration of the purpose sought to be accomplished by the legislature and of the seriousness of the problem with which it undertook to deal.

Unlike the defendant in *Wolfe,* who claimed that the pertinent statute unconstitutionally permitted excessive fines, defendant in this case contends that the fine imposed against him was excessive. Nevertheless, we find that the factors mentioned in *Wolfe* are relevant to our analysis.

> In determining whether a fine authorized by statute is excessive in the constitutional sense, due regard must be had to the object designed to be accomplished, to the importance and magnitude of the public interest sought to be protected, to the circumstances and nature of the act for which it is imposed, to the preventive effect upon the commission of the particular kind of crime, and in some instances to the ability of accused to pay, although the mere fact that in a particular case accused is unable to pay the fine required to be assessed does not render the statute unconstitutional. [24 CJS, Criminal Law, § 1604, p 203.]

Beyond punishment for trafficking in the illegal drug trade, it seems to us that the object designed

to be accomplished by authorizing a maximum fine of $25,000, in addition to a mandatory prison sentence for manufacturing, delivering, or possessing less than fifty grams of a mixture containing a controlled substance, is deterrence. See *Wolfe, supra* at 540-541. The possibility of a $25,000 fine for possessing less than fifty grams of a mixture containing a controlled substance attempts to stifle the allure of potentially enormous profits from illegal drug trafficking. Moreover, public sentiment places great importance on confronting illegal drug trafficking, to the point where our government has declared unofficial "war" against illegal drugs. Nevertheless, the circumstances and the nature of the act in this case lead us to conclude that the $25,000 fine imposed was unconstitutionally excessive.

The record in this case indicates that a police informant, wearing a body transmitter and supplied with marked bills, entered the home of defendant's friend and asked her about buying some cocaine. Defendant's friend then contacted defendant, who came to his friend's home, but soon left to purchase the cocaine with the $90 given to him by the police informant and his friend's husband. Defendant purchased one gram of cocaine from an unknown person with the $90, then delivered it to his friend, her husband, and the police informant. Defendant received no profit from the sale. There is nothing in the record to suggest that this transaction evidenced an ongoing pattern of behavior by this defendant.

We do not intend to diminish the severity of the crime committed by defendant. However, we find that, in this case, the trial court's fine of $25,000 for this defendant's illegal sale of one gram of cocaine was constitutionally excessive. We also believe that the trial court erred in failing to

consider defendant's ability to pay the fine, in light of the fact that the fine is not mandatory but only discretionary. Cf. *Traylor v Delaware,* 458 A2d 1170, 1179 (Del, 1983); see also *Wise, supra* at 577 (the fact that the trial court had discretion to set the schedule for payment considerably ameliorated the statute's failure to account for the defendant's ability to pay). We conclude that the trial court's order fining defendant $25,000 as part of the sentence imposed under § 7401(2)(a)(iv) violates the constitutional prohibition against excessive fines. Const 1963, art 1, § 16.

Next, defendant argues that both his prison term and the $25,000 fine violate the principle of proportionality set forth in *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). *Milbourn* does not directly address the issue of appellate review of fines imposed for violation of a statute, but we believe that analyzing the proportionality of a fine imposed under § 7401(2)(a)(iv) is appropriate and consistent with the rationale of *Milbourn.* We find some guidance in the following statement in *Milbourn, supra* at 654:

> Where a given case does not present a combination of circumstances placing the offender in either the most serious or least threatening class with respect to the particular crime, then the trial court is not justified in imposing the maximum or minimum penalty, respectively.

With this in mind, we find that the trial court in this case was not justified, under the circumstances, in imposing the maximum fine allowed by the statute. Defendant unlawfully delivered one gram of cocaine; therefore, he was subject to a mandatory prison term of not less than one year nor more than twenty years and also subject to a fine of "not more than $25,000." Defendant was

fined the maximum amount allowed by the statute for delivering one of the least amounts necessary to violate the statute. We find that the trial court abused its discretion in fining defendant $25,000.

Finally, we review defendant's prison sentence for an abuse of discretion. *People v Poppa,* 193 Mich App 184, 187; 483 NW2d 667 (1992). The sentencing guidelines, as scored at the time of sentencing, recommended a minimum range of one to four years in prison; the trial court sentenced defendant to four to twenty years in prison. At a hearing concerning defendant's motion for resentencing, the trial court agreed with defendant that the guidelines had been misscored and that the correct scoring reflected a minimum range of 1 to 2½ years. The prosecutor agreed with the trial court's conclusion. However, the trial court decided not to change defendant's sentence and stated that it was departing from the guidelines because they did not reflect deterrence, protection of society, rehabilitation, and punishment.[1]

A trial court's departure from the recommended range in the absence of factors not adequately reflected in the guidelines alerts this Court to the possibility that the trial court violated the principle of proportionality. *Milbourn, supra* at 660. The trial court's reasons for departing from the guidelines in this case have been cited in other cases as

---

[1] We note that when the motion for resentencing recommenced on January 7, 1993, defense counsel presented the court with an affidavit of defendant acknowledging that the guidelines had been misscored, resulting in a sentence departure, and that, therefore, he was entitled to an opportunity to withdraw his plea because it was premised on the prosecutor's recommendation of a sentence within the guidelines. See *People v Killebrew,* 416 Mich 189, 207; 330 NW2d 834 (1982). Defendant averred that he was waiving his right to withdraw his plea and waiving his right to resentencing, inasmuch as the trial court had stated in the earlier hearing that it would impose the same sentence despite the change in guidelines. He further averred that his waiver was conditioned expressly on retaining his right to proceed with this appeal.

factors traditionally considered when imposing any sentence, *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983), and sufficient to support a departure, *People v Smith,* 152 Mich App 756, 765; 394 NW2d 94 (1986). Nonetheless, the reasons cited by the trial court for departure would apply equally to a lesser or greater sentence unless a further explanation is offered on the record for the specific sentence given. *Milbourn, supra* at 660, citing *People v McKinley,* 168 Mich App 496, 512; 425 NW2d 460 (1988). See also *People v Reddish,* 181 Mich App 625, 631; 450 NW2d 16 (1989).

Of course, a trial court's consideration of factors not adequately addressed in the guidelines becomes more compelling when a defendant pleads guilty in exchange for a lesser offense or the dismissal of other charges. *People v Duprey,* 186 Mich App 313, 319; 463 NW2d 240 (1990). However, in this case defendant pleaded guilty to the original charge in exchange for the dismissal of an additional count of conspiracy to deliver the same cocaine and also for the prosecutor's agreement to recommend that defendant be sentenced within the guidelines range. We find that such an agreement does not justify the departure from the guidelines in this case.

In any event, the key test in reviewing a sentence is whether the sentence is proportionate to the seriousness of the matter, and not whether the sentence departs from the guidelines recommended range. *Milbourn, supra* at 661; *People v Davis,* 196 Mich App 597; 493 NW2d 467 (1992). The principle of proportionality requires the sentence to be proportionate to the seriousness of the circumstances surrounding the offense and the offender. *Milbourn, supra* at 636. Defendant was convicted of delivery of one gram of cocaine, an amount that is near the low end of the range

prohibited in § 7401(2)(a)(iv). Defendant is a high school graduate and was a member of the armed forces. He has an alcohol and marijuana abuse problem, which is reflected in his prior criminal record including two drunk driving convictions and a conviction of driving while his license was suspended. However, defendant held steady employment for the five years before his arrest in this matter and was paying off back rent by performing maintenance at the trailer park where he lived with his family. Under these circumstances, we conclude that defendant's sentence of four to twenty years in prison is not proportionate to either the offender or the offense.

Vacated in part and remanded for resentencing. We do not retain jurisdiction.

J. T. Hammond, J., concurred.

Sawyer, J. *(dissenting in part and concurring in part)*. Although I agree with the majority's conclusion that the trial court erred in imposing costs, I respectfully dissent from the majority's vacation of defendant's fine and prison term. Simply put, I am not persuaded that the fine is, in fact, excessive.

Furthermore, I reject defendant's argument that his sentence, both the prison term and the fine, is disproportionate under *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). It is not.