*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KENNETH DANIEL BRUNKE,

Defendant-Appellant.

UNPUBLISHED
February 7, 2019

Nos. 341160 & 341161
Schoolcraft Circuit Court
LC Nos. 2017-006879-FC &
            2016-006840-FH

Before: CAMERON, P.J., and BECKERING and RONAYNE KRAUSE, JJ.

PER CURIAM.

In these consolidated cases, defendant appeals by delayed leave granted the fines imposed as parts of his sentences. In Case No. 2016-006840-FH, defendant pleaded no contest to delivering less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*), and the trial court imposed a sentence of time served along with a fine of $25,000.00. In Case No. 2017-006879-FC, defendant pleaded no contest to delivering 1,000 grams or more of cocaine, MCL 333.7401(2)(a)(*i*), and conspiracy to commit that crime, MCL 750.157a, and the trial court imposed concurrent sentences of 225 to 360 months' imprisonment, plus a fine of $500,000.00. We affirm.

## I. BACKGROUND

In order to understand the sentence imposed by the trial court, it is necessary to understand some of the backdrop of this matter. The investigation that ultimately led to defendant's arrest began in April of 2015, when an incinerated car with three bodies inside it was discovered. Defendant was initially arrested in Illinois on homicide charges. As we set forth in a prior appeal from defendant:

> Defendant was charged with 14 felonies related to the homicides of Carrie Nelson, Heather Aldrich, and Jody Hutchinson. He pleaded guilty to charges of obstruction of justice and lying to a police officer in exchange for the dismissal of the other 12 charges and his testimony against [Garry] Cordell at his murder trial.

At defendant's plea hearing, defendant testified that he came home from work and was confronted in his garage by Cordell, who was armed with defendant's pistol. Cordell told defendant to go into his basement, where the bodies of Nelson and Hutchinson were located. A woman named Marietta Carlson was also waiting in the basement. Cordell told defendant that Aldrich's body was in defendant's bedroom. Cordell then asked defendant if he had any gasoline. While he did not recall his specific response, defendant acknowledged that he "probably did" have gasoline. Defendant then helped Cordell and Carlson move the bodies from the basement into the victims' vehicle. Cordell and Carlson then drove the victims' vehicle while defendant followed in his own vehicle. The victims' vehicle was then set on fire by either Cordell or Carlson, and defendant then drove himself, Carlson, and Cordell back to his house, where they all destroyed the clothes they were wearing.

Defendant fled to Illinois because he knew a homicide investigation would ensue. In Illinois, he changed the tires on his vehicle used to drive to and from the site where the bodies were burned. When questioned by a state police detective, defendant lied stating that he last saw the victims when they left his house, alive. [*People v Brunke*, unpublished per curiam opinion of the Court of Appeals, decided February 13, 2018 (Docket No. 336617), slip op at pp 1-2.]

The homicide investigation uncovered additional evidence of cocaine trafficking in which defendant was involved. Indeed, Cordell and at least one of the homicide victims were both purchasers from and resellers of cocaine from defendant. Allegedly, defendant sold cocaine to numerous other people in the area.

In Case No. 2016-006840-FH, defendant was charged with three counts of delivering less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*), and one count of conspiracy to deliver 450 to 1000 grams of cocaine, MCL 333.7401(2)(a)(*ii*). In Case No. 2017-006879-FC, defendant was charged with one count of delivering at least 1000 grams of cocaine and one count of conspiring to deliver at least 1000 grams of cocaine, MCL 333.7401(2)(a)(*i*).

Pursuant to a plea agreement, defendant pleaded no contest to the charges in Case No. 2017-006879-FC and to one charge of delivering less than 50 grams of cocaine in Case No. 2016-006840-FH. The trial court accepted the pleas on the basis of indications that, in December 2014, defendant sold approximately 40 grams of cocaine to an acquaintance, and that between "2012 and April 2015" he transported approximately 1,000 grams of cocaine into Schoolcraft County, and conspired with others to transport cocaine from Chicago to Michigan for the purposes of selling it. In exchange, the remaining charges in Case No. 2016-006840-FH were dismissed, and the prosecution agreed not to bring any "additional charges relating to controlled substance trafficking . . . or relating to guns with [defendant] prior to April 16 of 2015."

After sentencing, defendant filed delayed applications for leave to appeal to this Court in both cases, which this Court granted. Defendant makes the same arguments for both cases, so we will not further distinguish them.

## II  STANDARD OF REVIEW

As noted, defendant emphatically challenges only the amount of the fines imposed by the trial court. "[D]iscretionary sentencing decisions are subject to review by the appellate courts to ensure that the exercise of that discretion has not been abused." *People v Norfleet*, 317 Mich App 649, 663; 897 NW2d 195 (2016). A trial court abuses its discretion "by violating the principle of proportionality." *People v Steanhouse*, 500 Mich 453, 461; 902 NW2d 327 (2017).

## III.  DISCUSSION

Defendant argues that the fines are improperly disproportionate, that the trial court failed to articulate how the fines were proportionate, that the trial court exaggerated how much of a role he played in the county's drug problems, and that the evidence shows that he is indigent and never profited enough to live more than a modest lifestyle. Defendant does not invoke the excessive-fines provisions of the federal or state constitutions, US Const, Am VIII; and Const 1963, art 1, § 16. We are aware that the United States Supreme Court has granted certiorari in a case involving the excessive-fines clause in the Eighth Amendment. *Timbs v Indiana*, 138 S Ct 2650; 201 L Ed 1049 (2018). However, because defendant makes no constitutional argument, we will not make one on his behalf. *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

We additionally note that although defendant refers to the modest lifestyle he lived, he does not actually assert that the fines at issue in these appeals present an onerous hardship for him. Further, we note that neither judgment of sentence below specifies a payment-due date. The case law governing reimbursement of the costs of appointed counsel suggests that, to the extent that a defendant is entitled to inquiry into his ability to pay, the issue does not arise until the payment obligation is enforced. See *People v Jackson*, 483 Mich 271, 287; 769 NW2d 630 (2009). Finally, defendant does not challenge the trial court's imposition of fees or costs. See *People v Lewis*, ___ Mich ___; ___ NW2d ___ (2018) (Docket No. 156092).

"[T]he ultimate authority to provide for penalties for criminal offenses is constitutionally vested in the legislature." *People v Hegwood*, 465 Mich 432, 436; 636 NW2d 127 (2001), citing Const 1963, art 4, § 45. Pursuant to MCL 769.1k(1)(b)(*i*), the trial court may impose "*any fine authorized by statute* for a violation of which the defendant entered a plea of . . . nolo contendere[.]" (emphasis added). Defendant's conviction of delivering at least 1,000 grams of cocaine authorized a fine of not more than $1,000,000.00. MCL 333.7401(2)(a)(*i*). Defendant's conviction of delivering less than 50 grams of cocaine authorized a fine of not more than $25,000.00. MCL 333.7401(2)(a)(*iv*). Therefore, the fines imposed by the trial court were authorized by law.

"[O]ur principle of proportionality requires 'sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *Steanhouse*, 500 Mich at 474, quoting *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). This applies to fines as well as to terms of imprisonment. *People v Antolovich*, 207 Mich App 714, 719; 525 NW2d 513 (1995), superseded by statute on other grounds as stated in *People v Lloyd*, 284 Mich App 703, 709 n 2; 774 NW2d 347 (2009). We disagree with plaintiff that the requirement of subjecting fines to a *Milbourn* proportionality analysis is no longer "good

law." We are bound to follow this ruling in *Antolovich*. MCR 7.215(J)(1). Even if we were not, justice dictates that there must be some basis for determining whether a discretionary decision like the amount of a fine constitutes an abuse of that discretion.

Nevertheless, we do not find defendant's fines disproportionate, nor do we find that the trial court failed to articulate a basis for the amounts of those fines. At sentencing, the trial court explained as follows:

> Well, if there was ever a case study for the problems that emanate from drugs, this is it. Whether we talk about the deaths alone, or we just deal with the amount of cocaine that's infiltrated this county and the effect that it's had on other people, speaks for itself . . .

> . . . I have before me . . . a person convicted of a serious drug crime. But the facts remain that the totality of the circumstances are what they are, and to sever them is difficult, at best, perceptually. But the Court must sever them in the sense of what it metes out, in terms of sentence.

> Again, as I stated, this is a case study in the problems associated with drugs. And it isn't a victimless crime. It affects our families. It affects our schools. It affects our children; in the way our schools have to deal with the problem themselves, based on the homes that are being destroyed by this drug. And that's a community problem, and a difficult one to solve.

> But that's what the law is about. It's about deterrents. And that's what we have to look at in this case, and in any case. Is what can we mete out in hopes that a deterrent is sent to those people who wish to deal in these poisons. And they are poisons. You can't describe them in any other way, but a poison that inflicts harms and kills people within our community.

> . . . [T]he message that will, and hopefully, be conveyed to all those people who may think about traveling down this path is one that, if you do so, there is going to be a severe penalty. As there should be. Because of the ramifications, and the multiple victims that can be effected by this type of activity, and there's no truer case than what we're looking at here today.

The trial court clearly believed that defendant was a major trafficker in cocaine, to the detriment of a great number of people, including the families and children of those to whom he dealt cocaine, and those whose lives were destroyed as a consequence of being dealt the cocaine. We do not find this conclusion unreasonable from our reading of the record. The trial court also concluded that the fines should be imposed both as punishment and for deterrence, both of which are recognized purposes of controlled substances laws and of sentencing generally. See *Antolovich*, 207 Mich App at 717-718; see also *People v Snow*, 386 Mich 586, 592; 194 NW2d 314 (1972) (sentencing criteria properly include deterring others from similar misconduct), citing *Williams v New York*, 337 US 241; 69 S Ct 1079; 93 L Ed 1337 (1949).

We recognize defendant's argument that he had no criminal history prior to his arrest, and although it is apparently accurate, under the circumstances, we find it somewhat disingenuous. We conclude that the criminal conduct underlying this case was serious enough to justify the fines imposed, serving the purposes of punishment and deterrence. See *Milbourn*, 435 Mich at 636; *Antolovich*, 207 Mich App at 717-718. As noted, the fines totaled far less than the $1 million authorized for delivery of at least 1,000 grams of cocaine alone. Defendant does not dispute the trial court's stated concerns that the large amounts of cocaine he was responsible for bringing into the area wrought untold but significant damage to the community.

## IV. CONCLUSION

For these reasons, we conclude that the trial court took the circumstances surrounding defendant and his offenses into account when imposing the fines, and that the fines were proportionate and reasonable under *Milbourn*.

Affirmed.

/s/ Thomas C. Cameron
/s/ Jane M. Beckering
/s/ Amy Ronayne Krause