*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

PRESTON PHILMORE CARTER,

Defendant-Appellant.

UNPUBLISHED
May 15, 2025
1:48 PM

No. 365224
Kent Circuit Court
LC No. 21-011004-FH

Before: N. P. HOOD, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

Defendant appeals as of right his conviction of one count of possession of less than 25 grams of a controlled substance, MCL 333.7403(2)(a)(*v*), second or subsequent offense, MCL 333.7413(1). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to nine months in jail. We affirm.

## I. FACTS

This case arises out of a search conducted incident to defendant's arrest following a traffic stop in Grand Rapids in the early morning hours of November 4, 2021. Grand Rapids Police Officer Joshua Rodenbeck testified that, while parked behind a restaurant near Michigan Street, he heard the noise of a loud motor on a vehicle as it passed his marked patrol car. Officer Rodenbeck noticed that the sport utility vehicle (SUV) did not have a license plate. He initiated a traffic stop and learned that defendant was driving without a license. When Officer Rodenbeck placed defendant under arrest, he found a baggie that contained a substance that was later identified as 0.69 grams of cocaine. Defendant was convicted and sentenced, as stated earlier, and he now appeals.

## II. ANALYSIS

### A. MOTION TO SUPPRESS

Defendant argues that the trial court should have granted his motion to suppress the cocaine because it was seized in violation of his Fourth Amendment rights. We disagree.

-1-

This Court reviews a trial court's findings of fact at a suppression hearing for clear error. *People v Williams*, 472 Mich 308, 313; 696 NW2d 636 (2005). Clear error occurs when the reviewing court is definitely and firmly convinced that the trial court made a mistake. *People v Johnson*, 502 Mich 541, 565; 918 NW2d 676 (2018). "This Court reviews de novo questions of constitutional law and a trial court's decision on a motion to suppress evidence." *People v Brcic*, 342 Mich App 271, 277; 994 NW2d 812 (2022).

The Fourth Amendment to the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. [US Const, Am IV.]

"[T]he reasonableness of a search or seizure depends on 'whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place.' " *Williams*, 472 Mich at 314, quoting *Terry v Ohio*, 392 US 1, 20; 88 S Ct 1868; 20 L Ed 2d 889 (1968).

"Under the Fourth Amendment, stopping a vehicle and detaining the occupants amounts to a seizure." *People v Simmons*, 316 Mich App 322, 326; 894 NW2d 86 (2016). A traffic stop is permissible if a police officer has an articulable and reasonable suspicion that the vehicle or its occupants have violated a traffic law. *Id*. However, "[f]or a traffic stop to be reasonably related in scope to the circumstances justifying the stop, the driver should be 'detained only for the purpose of allowing an officer to ask reasonable questions concerning the violation of law and its context for a reasonable period.' " *Id*., quoting *Williams*, 472 Mich at 315. Further, "[t]he determination whether a traffic stop is reasonable must necessarily take into account the evolving circumstances with which the officer is faced." *Simmons*, 316 Mich App at 326 (quotation marks and citation omitted).

The trial court conducted an evidentiary hearing to address defendant's claim that Officer Rodenbeck impermissibly extended the traffic stop after he saw a temporary registration in the rear window of defendant's SUV as the officer was walking toward defendant's driver's side door. We hold that the trial court did not clearly err by finding that Officer Rodenbeck conducted the traffic stop both because he did not see a registration plate or temporary registration paper on defendant's vehicle and because the vehicle was emitting an unusually loud noise. Although the vehicle noise was not captured on video recordings, Officer Rodenbeck testified that the excessive noise of the vehicle drew his attention to the SUV as it passed him even if it did not make the same noise when idling at the traffic stop. Officer Rodenbeck could lawfully detain defendant to investigate both suspected violations. For that reason, the trial court did not err by denying defendant's motion to suppress the cocaine because Officer Rodenbeck did not violate defendant's Fourth Amendment rights.

## B. EXCESSIVE FINES CLAUSES

Defendant next argues that the fees and costs imposed at sentencing violated the Excessive Fines Clauses in the Michigan and United States Constitutions. Again, we disagree.

At sentencing, the trial court ordered defendant to pay $68 for state minimum costs under MCL 769.1k(1)(a), $130 for crime victim's rights under MCL 780.905(1)(a), and $1,000 in court costs under MCL 769.1k(1)(b)(*iii*).

To preserve a claim regarding sentencing, a defendant generally must raise the issue at sentencing, in a motion for resentencing, or in a motion to remand. *People v Clark*, 315 Mich App 219, 223; 888 NW2d 309 (2016). A defendant's failure to challenge an assessment of costs and fees at sentencing renders unpreserved a claim that the fines and costs were unconstitutional under the Excessive Fines Clause. *People v Konopka (On Remand)*, 309 Mich App 345, 356; 869 NW2d 651 (2015). Defendant did not challenge the fees and costs imposed at sentencing, and although he raised this issue in a motion to correct his sentence after this appeal was filed, this did not adequately preserve the issue for appeal. We review unpreserved claims for plain error affecting substantial rights. See *id*.

The United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." US Const, Am VIII. Michigan's Constitution contains a nearly identical provision. Const 1963, art 1, § 16.

As noted, defendant takes issue with the financial obligations imposed under MCL 769.1k(1), as amended by 2022 PA 199, which, at the time of sentencing, provided, in relevant part:

> If a defendant enters a plea of guilty or nolo contendere or if the court determines after a hearing or trial that the defendant is guilty, both of the following apply at the time of the sentencing or at the time entry of judgment of guilt is deferred by statute or sentencing is delayed by statute:
>
> (a) The court shall impose the minimum state costs as set forth in section 1j of this chapter.
>
> (b) The court may impose any or all of the following:
>
> (*i*) Any fine authorized by the statute for a violation of which the defendant entered a plea of guilty or nolo contendere or the court determined that the defendant was guilty.
>
> (*ii*) Any cost authorized by the statute for a violation of which the defendant entered a plea of guilty or nolo contendere or the court determined that the defendant was guilty.
>
> (*iii*) Until May 1, 2024, any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:

(A) Salaries and benefits for relevant court personnel.

(B) Goods and services necessary for the operation of the court.

(C) Necessary expenses for the operation and maintenance of court buildings and facilities.

(*iv*) The expenses of providing legal assistance to the defendant.

(*v*) Any assessment authorized by law.

(*vi*) Reimbursement under section 1f of this chapter.

Defendant also challenges the $130 assessment under MCL 780.905(1) which is part of the Crime Victim's Rights Act, and provides, in relevant part:

The court shall order each person charged with an offense that is a felony, misdemeanor, or ordinance violation that is resolved by conviction, assignment of the defendant to youthful trainee status, a delayed sentence or deferred entry of judgment of guilt, or in another way that is not an acquittal or unconditional dismissal, to pay an assessment as follows:

(a) If the offense is a felony, $130.00.

The parties agree that this Court set forth the factors to consider when an excessive fines challenge is made under the Excessive Fines Clause in *People v Wolfe*, 338 Mich 525, 540-541; 61 NW2d 767 (1953), as restated in *People v Antolovich*, 207 Mich App 714; 525 NW2d 513(1994), superseded by statute on other grounds as stated in *People v Lloyd*, 284 Mich App 703, 709 n 2; 774 NW2d 347 (2009):

"In determining whether a fine authorized by statute is excessive in the constitutional sense, due regard must be had to the object designed to be accomplished, to the importance and magnitude of the public interest sought to be protected, to the circumstances and nature of the act for which it is imposed, to the preventive effect upon the commission of the particular kind of crime, and in some instances to the ability of accused to pay, although the mere fact that in a particular case accused is unable to pay the fine required to be assessed does not render the statute unconstitutional." [*Antolovich*, 207 Mich App at 717, quoting 24 CJS, Criminal Law, § 1604, p 203.]

The parties also agree that, for purposes of an excessive-fines claim, the fees and costs imposed are "fines."

Defendant contends that the total amount imposed, $1,198, violates the Excessive Fines Clauses because it is grossly disproportionate to the offense and will deprive defendant of his livelihood. In *Antolovich*, 207 Mich App at 715-717, the defendant pleaded guilty to delivery of less than 50 grams of cocaine under MCL 333.7401(2)(a)(*iv*), and the trial court sentenced

defendant to pay $1,500 in costs and a fine of $25,000, which was then permitted under the felony statute, which made the crime "punishable by imprisonment for not more than 20 years or a fine of not more than $25,000.00, or both." This Court first ruled that the costs must be vacated because, unlike in this case, the costs were not authorized by statute. *Antolovich*, 207 Mich App at 716.

The *Antolovich* Court ruled that the $25,000 fine violated the prohibition on excessive fines under the Michigan Constitution as applied to the defendant. *Id*. at 718. The defendant bought one gram of cocaine for his friend with $90 in marked bills from a police informant, he made no profit from the sale, and no evidence showed defendant was involved in a pattern of drug sales. *Id*. As the *Antolovich* Court explained:

> We do not intend to diminish the severity of the crime committed by defendant. However, we find that, in this case, the trial court's fine of $25,000 for this defendant's illegal sale of one gram of cocaine was constitutionally excessive. We also believe that the trial court erred in failing to consider defendant's ability to pay the fine, in light of the fact that the fine, is not mandatory but only discretionary. We conclude that the trial court's order fining defendant $25,000 as part of the sentence imposed under § 7401(2)(a)(iv) violates the constitutional prohibition against excessive fines. Const 1963, art 1, § 16. [*Antolovich*, 207 Mich App at 718-719 (citations omitted).]

In this case, defendant was convicted pursuant to MCL 333.7403(2)(a)(*v*), which is also "a felony punishable by imprisonment for not more than 4 years or a fine of not more than $25,000.00, or both." The trial court sentenced defendant to nine months in jail and imposed no fine under the felony statute, but it did require defendant to pay statutorily required state costs, the crime victim's assessment, and court costs of $1,000, which defendant does not dispute is far less than the average cost to litigate a case in Kent County, $1,816, as set forth in his presentence investigation report.

As in *Antolovich*, defendant does not claim that the statute authorizing a court to impose court costs, MCL 769.1k(1)(b)(*iii*) violates the Excessive Fines Clauses, but that the costs as applied to him were unconstitutionally excessive. The first inquiry for an excessive-fine claim is the object to be accomplished by the fine. *Antolovich*, 207 Mich App at 717. Under the circumstances of this case, the costs imposed on defendant were permitted by statutes unrelated to the specific crime of possession of cocaine. With regard to the bulk of those costs, $1,000 in court costs, the prosecutor makes a persuasive point that defendant failed to appear for court-ordered appearances, including his trial, a status conference, and his sentencing, and he failed to report to the Grand Rapids Circuit Court Services on November 18, 2021, after he was released on bond. The trial court had to issue two bench warrants for defendant's arrest for his bench trial and sentencing. For that reason, the trial court's decision to require defendant to pay a portion of the court costs, which was slightly more than 55% of the average amount to process a criminal matter in the circuit court, was not excessive.

For the same reason, the amount was not excessive pursuant to the *Antolovich* factor that considers the circumstances and nature of the act for which the fine was imposed. See *id*. Further, although the amount of cocaine that defendant possessed at the time of his arrest was relatively

small, 0.69 grams, the trial court did not impose a fine of up to $25,000 as contemplated in the statute, see MCL 333.7403(2)(a)(*v*), but instead ordered defendant only to pay for ordinary costs permitted by statute.

The *Antolovich* factor related to what may be accomplished by imposing a fine on a defendant with prior drug and other felony convictions also supports the amount of defendant's fine under the circumstances, which serves the public interest in at least partially covering the cost to try defendant for the offense. See *Antolovich*, 207 Mich App at 717. Moreover, the cost to defendant was significant enough to have some deterrent effect on defendant specifically. See *id*.

Defendant's primary argument is that the fines imposed on him were excessive because of his low income. As the Court asserted in *Antolovich*, one consideration about a claim of excessive fines is that, "in some instances" a determination of excessiveness may depend on the ability of accused to pay, although that is not a sufficient ground to declare a statute unconstitutional. *Id*. The trial court did not conduct a hearing on defendant's ability to pay the fines that it imposed at sentencing, but defendant asserts on appeal that, if remanded for that purpose, he can show that his only income is Supplemental Security Income benefits of $914 a month. However, the trial court did not find defendant's claim of inability to pay persuasive because many people pay costs imposed at sentencing in amounts as small as $5 a month.

In light of the other factors that support a finding that the amount of defendant's fines was far from excessive, and the fact that defendant can pay in such small increments over time, we are not persuaded that defendant has shown plain error affecting substantial rights.

## C. LIBRARY FUNDING

Defendant argues that the $68 fee imposed for state minimum costs under MCL 769.1j(1)(a), the $130 assessment for crime victim's rights under MCL 769.1j(1) and MCL 769.1k(1)(a), and the $1,000 in court costs under MCL 769.1k(1)(b)(*iii*) violate the Michigan Constitution, Const 1963, art 8, § 9, which provides:

> The legislature shall provide by law for the establishment and support of public libraries which shall be available to all residents of the state under regulations adopted by the governing bodies thereof. All fines assessed and collected in the several counties, townships and cities for any breach of the penal laws shall be exclusively applied to the support of such public libraries, and county law libraries as provided by law.

"This Court generally reviews constitutional questions de novo." *People v Brown*, 294 Mich App 377, 389; 811 NW2d 531 (2011).

Although, for purposes of an excessive-fines inquiry, the fee, assessment, and costs that defendant must pay as part of his sentence are considered "fines," the same is not true in other constitutional contexts, including this one.

MCL 769.1j(1)(a) provides that a person convicted of a felony should be assessed at least $68 as a state minimum fee, MCL 780.905(1)(a) provides for the assessment of $130 for felony

convictions, and MCL 780.905(4) provides that this fee "shall be used to pay for crime victim's rights services." In *People v Cunningham*, 496 Mich 145, 154; 852 NW2d 118 (2014), our Supreme Court considered the scope of a prior version of MCL 769.1k(1)(b)(*ii*) and ruled that our Legislature may allow courts to impose any cost separately authorized by statute. Because the state minimum cost and the victim's rights assessment are specifically authorized by statute, they are permissible as costs or fees as determined by our Legislature.

Further, in *People v Earl*, 495 Mich 33, 39-41; 845 NW2d 721 (2014), our Supreme Court ruled that, although the crime victim's rights assessment is imposed at sentencing, it is not part of a defendant's sentence, and the Legislature's use of the term "assessment" rather than "penalty" or "fine" was intentional and implied that the assessment is nonpunitive. "[T]he terms 'fine' and 'assessment' have different and distinct meanings: criminal fines are generally responsive to the conduct which they intend to punish, while assessments are imposed in accordance with a predetermined flat rate." *Id*. at 40. This is also evidenced by the fact that the amount of the assessment is not altered by the severity of the crime or the number of charges involved in a case. *Id*. at 41.

Moreover, although a convicted defendant may be burdened by the assessment, the expressed purpose of the Crime Victim's Rights Act is to maintain services for crime victims, not to punish defendants for violating the penal code. *Id*. at 41-42. Although defendant makes the point that *Earl* involved an Ex Post Facto challenge to an increase in the crime victim's rights assessment, this reasoning is persuasive to support the notion that, for purposes of the library funding provision, the crime victim's rights assessment, like the state minimum fee, is a constitutional assessment or fee that removes it from the library-funding requirement for fines imposed for violating Michigan's criminal laws.

In *People v Johnson*, 336 Mich App 688, 692-693; 971 NW2d 692 (2021), this Court considered a defendant's claim that MCL 769.1k(1)(b)(*iii*) is unconstitutional on its face because it violates the due-process rights of all defendants by encouraging judges to convict defendants and impose costs to raise money for the courts. This Court disagreed and ruled that, because the costs imposed under MCL 769.1k(1)(b)(*iii*) must be reasonably related to the costs incurred, the defendant was incorrect in arguing that judges had unlimited discretion to impose costs to generate revenue for the benefit of the courts. *Id*. at 700-701. Further, this Court rejected the notion that the statutory collection of fees from defendants convicted of crimes made judges lose impartiality because, although the fees and court costs generate revenue, trial judges have no control over how the money is allocated after it is collected and the amount of fees that each trial judge collects is unrelated to how much that trial judge actually earns. *Id*. at 701-702.

Because the defendant could not show that there is no set of circumstances in which the statute would allow a judge to remain impartial, the *Johnson* Court also rejected the defendant's argument that MCL 769.1k(1)(b)(*iii*) disrupts the balance between the judicial and legislative branches because it unconstitutionally intrudes on "the judiciary's obligation to maintain impartiality in criminal proceedings . . . ." *Id*. at 704. The statutory fee, assessment, and costs are

not "fines" for defendant's violation of the penal code for purposes of Const 1963, art 8, § 9, and he is not entitled to relief on this issue.

Affirmed.

/s/ Colleen A. O'Brien
/s/ James Robert Redford